See also, D.C., 93 F.Supp. 403.

**WOODS et al. v. WHELAN.**

Civ. No. 9091.

United States District Court
E. D. Pennsylvania.

Sept. 26, 1950.

Harold L. Wertheimer, of Philadelphia, Pa., for plaintiffs.

Conrad G. Moffett, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action brought under the Emergency Price Control Act of 1942, as amended,[1] the Housing and Rent Act of 1947, as amended,[2] and Regulations issued thereunder. It is brought by the Housing Expediter against a landlord for rent overcharges, and is now before me on the Housing Expediter's motion for summary judgment on that portion of the complaint requiring restitution to the tenants James F. Welch and Elizabeth Hansen.

 The Housing Expediter filed a request for admissions under Rule 36 of the Federal Rules of Civil Procedure 28 U.S.C.A., on June 2, 1949. The defendant has neither denied any of the matters of which an admission was requested, nor has he filed any objection to them. Accordingly, these matters are deemed admitted and may be used by the Housing Expediter in support of his motion for summary judgment. Rule 36 of the Federal Rules of Civil Procedure; Creedon v. Arielly, D.C., 8 F.R.D. 265.

From these admissions and those paragraphs of the complaint which were admitted by the answer it is obvious that the aforementioned tenants did pay the defendant more rent per month than the maximum rent allowed by the Area Rent Director for the housing accommodations in question.

The undisputed facts are as follows:

The defendant was the landlord of the second floor apartment at 3236 Sansom Street, Philadelphia, Pennsylvania. From October 21, 1946 to June 20, 1947, inclusive, the defendant demanded and received $50 rent per month for this apartment from James F. Welch. From November 23, 1947 to October 22, 1948, inclusive, the defendant demanded and received $50 rent per month for this apartment from Elizabeth Hansen.

On June 26, 1947 the Area Rent Director decreased the maximum rent for this apartment from $50 to $36 per month, effective as of October 1, 1946, and the defendant was ordered to refund any rent collected in excess of $36 per month. Since that time the maximum rent for this apartment has remained at $36 per month. The defendant was notified of the issuance of this order decreasing the maximum rent and requiring a refund to the tenant, but has refused to comply with the same.

Thus, the tenant James F. Welch has been overcharged for rent in the amount of $112, and the tenant Elizabeth Hansen has been overcharged $154.

 It is fundamental that a motion for summary judgment can be granted only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56 of the Federal Rules of Civil Procedure.

If the facts of this case were only as I have outlined them above, I would grant the Housing Expediter's motion without further comment.

On July 6, 1949, however, Judge McGranery issued an order adding the tenants as parties plaintiff so that the defendant might file counterclaims against them which relate to the principal cause of action and which are to be proved in an amount not to

---

1. Act of January 30, 1942, c. 26, 56 Stat. 23, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

2. Act of June 30, 1947, c. 163, Title II, § 201 et seq., 61 Stat. 196, as amended, 50 U.S.C.A.Appendix, § 1891 et seq.

exceed the Housing Expediter's claim for restitution.

The defendant contends that the counterclaims he filed against the tenants raise such an issue of fact so as to prevent the entry of summary judgment. I disagree.

The counterclaim filed against James F. Welch is one sounding in tort for assault and battery. It alleges that while the defendant was lawfully up in the second floor apartment, Welch hit the defendant with a door.

By the terms of Judge McGranery's Order adding the tenants as parties plaintiff and allowing the defendant to file counterclaims against them, such counterclaims must relate to the principal cause of action for rent overcharges—that is, they must be compulsory counterclaims. Rule 13(a) of the Federal Rules of Civil Procedure.

There are no facts alleged in either the defendant's answer or his counterclaim against Welch that indicate that rent overcharges in any way caused the alleged altercation.

In this instance the defendant's counterclaim for assault and battery by the tenant regardless where it occurred, is not related to the Housing Expediter's cause of action for rent overcharges. It in no way puts at issue any material fact in the Housing Expediter's cause of action, and it cannot bar the entry of summary judgment for the Housing Expediter as to restitution to James F. Welch.

The defendant's counterclaim against Elizabeth Hansen is insufficient in law and must be dismissed for it will not bar the entry of summary judgment for the Housing Expediter or defeat execution thereon.

An inherent part of this counterclaim is the tacit admission that Elizabeth Hansen was overcharged for rent, and it alleges increased occupancy as the reason therefor. The defendant contends that he rented the apartment for one occupant but that there were four occupants.

Increased occupancy may be a valid reason for requesting the Area Rent Director to increase the maximum rent allowed. But until such an order has been issued, the landlord cannot of his own volition increase the maximum rent without violating the Housing and Rent Act of 1947, as amended. West v. Winston, D.C., 8 F.R.D. 311.

The defendant's answer has denied that any violations were wilful or the result of failure to take practicable precautions against their occurrence. It is my belief from the allegations of the complaint, answer, and counterclaims and the admissions under Rule 36 that these violations were wilful. Haber et al. v. Garthly et al., D.C., 67 F.Supp. 774. However, proof of wilfulness or of failure to take practicable precautions to prevent a violation is not necessary to sustain a judgment ordering restitution of the amount of the overcharges. 50 U.S.C.A.Appendix, § 1895.

The other reasons assigned by the defendant in opposition to the entry of summary judgment for the Housing Expediter are without merit.

The motion of Tighe E. Woods, Housing Expediter, Office of Housing Expediter for summary judgment on that portion of the complaint requiring restitution to the tenants James F. Welch and Elizabeth Hansen is hereby granted. The amount payable to the Treasurer of the United States for the use of these tenants will be included in another opinion in this case, D.C., 93 F.Supp. 403, which is also filed this date.