**WOODS et al. v. WHELAN.**
**Civ. No. 9091.**

United States District Court
E. D. Pennsylvania.
Sept. 26, 1950.

Sidney J. Fires, of Philadelphia, Pa., for Housing Expediter.

Conrad G. Moffett, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action by the Housing Expediter against a landlord for rent overcharges. The tenants involved have been added as parties plaintiff so that the defendant could have the opportunity to prove any counterclaims relating to this cause of action in an amount not to exceed the Housing Expediter's claim for restitution. On the basis of the pleadings and the testimony, I make the following special

### Findings of Fact.

1. The plaintiffs are Tighe E. Woods, Housing Expediter, James F. Welch, Nan McCloskey and Elizabeth Hansen.

2. The defendant is Edward D. Whelan, a resident of Philadelphia, Pennsylvania.

3. This suit is brought under the Emergency Price Control Act of 1942, as amended,[1] the Housing and Rent Act of 1947, as amended,[2] and regulations issued thereunder.

4. In another opinion, D.C., 93 F.Supp. 401, in this case which is also filed this date, I granted the Housing Expediter's motion for summary judgment on the claims for restitution to James F. Welch in the amount of $112, and for restitution to Elizabeth Hansen in the amount of $154. All facts reported in that opinion are hereby incorporated into this opinion.

5. At all times mentioned herein, the defendant was the landlord of the housing accommodations within the Philadelphia Defense Rental Area designated as second floor apartment, 3236 Sansom Street, Philadelphia, Pennsylvania.

---

1. Act of January 30, 1942, c. 26, 56 Stat. 23 et seq., as amended, 50 U.S.C.A.Appendix, § 901 et seq.

2. Act of June 30, 1947, c. 163, Title II, § 201 et seq., 61 Stat. 196, as amended, 50 U.S.C.A.Appendix, § 1891 et seq.

6. At all times mentioned herein the maximum rent for the aforesaid housing accommodation was $36 per month.

7. Knowing that the maximum legal rent was $36 per month, the defendant demanded and received rent for the use and occupancy of the aforesaid housing accommodation from the tenant Nan McCloskey in the amount of $50 per month for the period July 22, 1947 to October 21, 1947 inclusive, and in the amount of $40 per month for the period October 22, 1947 to November 21, 1947, inclusive.

8. The rents received by the defendant as set forth above were in excess of the maximum legal rents for the aforesaid housing accommodation. The total overcharges so received during that period were $46.

9. The tenant Nan McCloskey committed waste during her occupancy of the aforesaid housing accommodation to the extent that the defendant had to replace four lighting fixtures at a cost of $16 for the fixtures and $23 for labor.

10. The defendant is suffering from a physical infirmity which renders him unable to work.

### Conclusions of Law.

1. This Court has jurisdiction of this case.

2. The defendant has violated the Emergency Price Control Act of 1942, as amended, and the Housing and Rent Act of 1947, as amended, by receiving rent for a housing accommodation in excess of the maximum legal rent permitted by those Acts and the Regulations issued thereunder.

3. The defendant must pay for the use of the tenant Nan McCloskey the sum of $46 less the amount of waste committed by her.

4. The tenant Nan McCloskey is liable to the defendant in the sum of $39.

5. The defendant's physical infirmity is no defense to a judgment being entered against him.

6. Judgment is hereby entered in favor of Tighe E. Woods, Housing Expediter, and against the defendant in the sum of $273.

7. The defendant shall pay the sum of $273 to the Treasurer of the United States for the use and benefit of the following plaintiffs in the respective amounts as follows:

| James F. Welch | $112.00 |
| Nan McCloskey | 7.00 |
| Elizabeth Hansen | 154.00 |

8. The defendant, his agents, servants, employees, and all persons in active concert or participation with them, are hereby enjoined from directly or indirectly soliciting, demanding, accepting or receiving any rent in excess of the maximum legal rent for the housing accommodation designated as second floor apartment, 3236 Sansom Street, Philadelphia, which accommodation is controlled by the Housing and Rent Act of 1947, as amended or superseded, and the Regulations issued thereunder, as amended or superseded.

9. The costs of this action shall be paid by the defendant.