DARYL ENGEBREGSON, Appellant, *v.*
BANK OF NEVADA, Respondent.

Nos. 8330 and 8331

September 30, 1976                    554 P.2d 1121

*Daryl Engebregson,* of Las Vegas, for Appellant.

*Smith & O'Brien,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

These consolidated appeals present a single issue. May the district court enter final summary judgments (NRCP 54—NRCP 56) for plaintiff upon uncontested claims for relief when there remains pending for adjudication the defendant's permissive counterclaims? We hold that the entry of final summary judgments was within the discretionary authority of the court and, therefore, affirm.

The Bank of Nevada filed separate actions upon promissory notes executed by Engebregson. In each case Engebregson counterclaimed for more money than sought by the complaint. In each instance the counterclaim did not arise out of the same transaction or occurrence that was the subject of the complaint and was, therefore, permissive in character. NRCP 13(b).

The district court entered final summary judgment for the Bank in each action by an express determination that there was no just reason to delay the entry thereof. NRCP 54(b). The refusal to delay entry of final judgment is, by Engebregson, claimed to be error since his counterclaim in each case, if validly established, would defeat the Bank's claim for relief and result in a money judgment for him. He does not contest his indebtedness upon the promissory notes. The Bank denies liability upon each counterclaim.

We are not here concerned with a compulsory counterclaim arising out of the transaction which was the subject matter of the Bank's claim for relief. Cf. Parmelee v. Chicago Eye Shield Co., 157 F.2d 582 (8th Cir. 1946). Nor are we dealing with a case where liability for the counterclaimed amount is admitted. Cf. Hunting Supply Corp. v. Febrey, 254 N.Y.S.2d 758 (App. Div. 1964). In the matter at hand, the opposing claims are unrelated. The obligation of Engebregson to the Bank is admitted. The liability of Bank to Engebregson is denied. In these circumstances the district court acted within permissible limits of its discretion in directing entry of final judgments on the uncontested claims. Woods v. Whelan, 93 F.Supp. 401 (E.D. Pa. 1950); Manchester Memorial Hospital v. Whitney, 269 A.2d 300 (Cir.Ct.Conn. 1969).

Affirmed.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.