LAS VEGAS HACIENDA, INC., a California Corporation; and NEVADA ROCK AND SAND COMPANY, a Nevada Corporation, Appellants, v. G.L.M.M. CORP., a Nevada Corporation, dba HACIENDA KARTWAYS, Respondent.

No. 9419

March 30, 1977                    561 P.2d 1334

*Galane & Tingey,* Las Vegas, for Appellant Las Vegas Hacienda, Inc.

*Albright & McGimsey,* Las Vegas, for Appellant Nevada Rock and Sand Company.

*Lionel Sawyer & Collins,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

G.L.M.M. Corporation filed suit against Las Vegas Hacienda, Inc., and Nevada Rock and Sand Company seeking damages for the alleged breach of a lease agreement.

Hacienda filed a counterclaim for rescission of the lease and, after a bench trial, on that equitable issue, the court ruled: (1) the lease was valid; (2) Hacienda was not entitled to rescission; and, (3) G.L.M.M. was entitled to damages for breach of the lease.

The trial court subsequently, pursuant to NRCP 54(b), made an express determination that there was no just reason for delay and Las Vegas Hacienda, Inc., and Nevada Rock and Sand Company perfected this appeal.

G.L.M.M. has moved to dismiss the appeal contending the district court's NRCP 54(b) determination was erroneously premised on the assumption that the counterclaim was a separate "claim for relief."

NRCP 54(b) provides in pertinent part: "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim . . . , the court may direct the entry of a final judgment as to one or more but fewer than all of the claims. . . ."

The district court's finding of no just reason for delay of appeal does not "confer jurisdiction on this [c]ourt unless 'more than one claim for relief [was] presented in [the] action.' " Carter v. Croswell, 323 F.2d 696, 697 (5th Cir. 1963). A counterclaim for "rescission" is not a separate "claim for relief," as specified in NRCP 54(b), because it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim. 6 Moore's Federal Practice § 54.33. *Compare* Engebregson v. Bank of Nevada, 92 Nev. 548, 554 P.2d 1121 (1976). Furthermore, a decision on this appeal may state the "law of the case" and thus decide important aspects of the main case. *Carter, supra. See also,* Western Geophysical Co. of Am., Inc. v. Bolt Associates, Inc., 463 F.2d 101 (2nd Cir. 1972). Accordingly, we grant respondent's motion and dismiss the appeal, without prejudice to the rights of the parties upon entry of final judgment below. Our ruling renders pending ancillary motions moot.

It is so ORDERED.