MID-CENTURY INSURANCE COMPANY, a CALIFORNIA CORPORATION AND A MEMBER OF THE FARMERS INSURANCE GROUP, APPELLANT, v. VINCENT J. CHERUBINI AND ANNA J. CHERUBINI, RESPONDENTS.

No. 10885

May 1, 1979                                    593 P.2d 1068

*Thorndal, Gentner, Backus, Lyles & Maupin, Ltd.,* of Las Vegas, for Appellant.

[2] The Governor, pursuant to Nev. Const. art. 6, § 4, designated the Honorable W. Babcock, Judge of the Eighth Judicial District, to sit in place of THE HONORABLE GORDON THOMPSON, Justice, who was disabled.

[3] The Governor, pursuant to Nev. Const. art. 6, § 4, designated the Honorable Peter I. Breen, Judge of the Second Judicial District, to sit in place of THE HONORABLE NOEL E. MANOUKIAN, Justice, who was disqualified.

*James L. Buchanan, II,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This action was commenced by Vincent and Anna Cherubini against Mid-Century Insurance Company for losses caused by a fire to their home. Mid-Century contended that the Cherubinis had not complied with the terms and conditions of the insurance policy and that, in any event, it was not liable since the loss resulted from an act of arson by the claimants.

The Cherubinis moved for partial summary judgment on the issue of liability contending that Mid-Century's payment of certain benefits under the policy operated as a waiver of defenses making all policy proceeds due and payable. That motion was granted by the district court leaving only the amount of damages for jury determination.

Mid-Century challenged that ruling by a proceeding in certiorari which we dismissed. Mid-Century Ins. Co. v. Pavlikowski, 94 Nev. 162, 576 P.2d 748 (1978). We there suggested

that Mid-Century's remedy was by permissive appeal pursuant to NRCP 54(b). That suggestion apparently caused Mid-Century to secure a Rule 54(b) certification from the district court and, thereafter, to docket the instant appeal. For reasons hereafter expressed, that suggestion was in error and, in the interest of justice, we hasten to correct our mistake. Cf. Dickerson v. District Court, 82 Nev. 234, 414 P.2d 946 (1966).

The Cherubinis sought to recover damages for the loss of their house due to fire and for the theft of various items of personal property from the premises subsequent to the fire. These losses, each insured against under the policy, were pleaded in separate counts. A Rule 54(b) certification is available when more than one claim for relief is presented.[1] The issue, then, is whether the complaint pleads more than one claim for relief.

The assertion of one legal right to policy proceeds growing out of a single transaction or a series of related transactions states a single claim for relief. Acha v. Beame, 570 F.2d 57 (2nd Cir. 1978). Indeed, even if we assume the violation of two legal rights (a breach of contract as to the fire proceeds, and a separate breach of contract as to the theft proceeds) the separate breaches would give rise to but one claim for relief. 11 Williston on Contracts § 1294 (3rd Ed. 1968); Restatement of Contracts § 327 comment b (1932). Such a claim is not amenable to certification, Acha v. Beame, supra, and not appealable even though the district court has erroneously issued a Rule 54(b) certificate. Aetna Casualty & Surety Company v. Giesow, 412 F.2d 468 (2nd Cir. 1969); United States v. Burnett, 262 F.2d 55 (9th Cir. 1958).

Although a complaint which asserts only one claim for relief is not amenable to certification as to finality, it is permissible for a district court to enter an interlocutory summary judgment on the issue of liability alone, NRCP 56(c),[2] which determination may not be reviewed until a final judgment concerning that one claim for relief is entered.

---

[1] NRCP 54(b): When more than one claim for relief is presented . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

[2] NRCP 56(c): . . . . A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

This appeal is premature. However, since counsel for the parties have requested an expression from this court regarding the propriety of the interlocutory summary judgment on the issue of liability alone, and since this court by its prior opinion in this case may be responsible for this premature appeal, we would ask the district court to consider whether the affirmative defense of arson is subject to the doctrine of waiver before receiving evidence relevant solely to the question of damages. Lawndale Nat. Bk., Tr. 4846 v. American Cas. Co. 489 F.2d 1384 (7th Cir. 1973); Blackwell v. American Southern Insurance Company, 175 S.E.2d 160 (Ga.App. 1970); Raphtis v. St. Paul Fire & Marine Insurance Company, 198 N.W.2d 505 (S.D. 1972).

Appeal dismissed as premature.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.