IN THE SUPREME COURT OF THE STATE OF MONTANA

------------

No. 82-181

------------

ALICE E. JACKSON, et al.,

Plaintiffs and Respondents,

vs.

BURLINGTON NORTHERN, INC., et al.,

Defendants and Appellants,

and

THE STATE OF MONTANA,

Intervenor and Respondent.

FILED

OCT 14 1982

Thomas J Kearney
CLERK OF SUPREME COURT
STATE OF MONTANA

------------

OPINION AND ORDER DISMISSING APPEAL

------------

Burlington Northern, Inc. (referred to hereafter as BN) appeals from an order of final judgment issued pursuant to Rule 54(b), M.R.Civ.P., entered in the District Court of the Seventh Judicial District, Richland County. Although other issues are raised, we find that the procedural issue of whether the District Court has followed the proper procedure in certifying a final judgment pursuant to Rule 54(b), M.R.Civ.P. is dispositive of this appeal.

On July 15, 1981, BN made a motion for summary judgment. Its motion was denied by the District Court on January 11, 1982. BN thereafter moved for an order entering final judgment pursuant to Rule 54(b), M.R.Civ.P., on issues raised in its motion for summary judgment. In its order for final judgment dated April 16, 1982, the District Court ordered "that the Clerk of [the] Court enter a final judgment upon the order dated January 11, 1982, denying defendant Burlington Northern, Inc.'s motion for summary judgment, and the undersigned expressly determines that there is no

-1-

just reason for delay in the entry of final judgment on said order." The District Court did not cite any of the factors it relied upon in certifying the judgment, nor did it enter the judgment as required by Rule 58, M.R.Civ.P.

Rule 54(b), M.R.Civ.P., modeled after Rule 54(b), Fed.R.Civ.P., was designed to facilitate the entry of judgments on one or more claims, or as to one or more parties in multi-claim or multi-party actions. The basic purpose of Rule 54(b) is to avoid the possible injustice of delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until final adjudication of the entire case by making an immediate appeal available. 10 Wright and Miller Federal Practice and Procedure, § 2654 (1973), at 32; Allis-Chalmers Corp. v. Philadelphia Elec. Co. (3rd Cir. 1975), 521 F.2d 360.

Rule 54(b), M.R.Civ.P., states, "When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.. . ." After reviewing the procedure followed by the District Court, we find that it did not comply with the requirements of Rule 54(b) for several reasons.

First, in its order for final judgment, the District Court denied BN's motion for summary judgment. Rule 1, M.R.App.Civ.P., which determines from what judgments or orders an appeal may be taken, does not include an order denying summary judgment as an appealable order. Indeed,

-2-

"an order denying a motion for summary judgment is an interlocutory order, whether made in a single claim, a multiple claims, or multiple parties action, and 54(b) does not affect that proposition." 6 Moore Federal Practice § 54.40. Therefore, "the certificate is not conclusive as to the finality of the trial court's order. If the order is in fact interlocutory,. . . an appeal from it will be dismissed, even though the trial court has decided to treat the orders as final." 10 Wright and Miller, at § 2655; Luria Bros. & Co. v. Rosenfeld (9th Cir. 1957), 244 F.2d 192.

Second, the District Court failed to cite any of the factors it relied upon when it certified the judgment. Rule 54(b) states that the court must make "an express determination that there is no just reason for delay . . ." According to Allis-Chalmers Corp. v. Philadelphia Elec. Co. (3rd Cir. 1975), 521 F.2d 360, "the District Court must marshall and articulate the factors upon which it relied in certifying a judgment as final so that prompt and effective review can be facilitated." Allis-Chalmers was followed in Roy v. Neibauer (1980), ___ Mont. ___, 610 P.2d 1185, 37 St.Rep. 897, where this Court dismissed the appeal without prejudice for failure of the District Court to cite factors as to why there was no just reason for delay.

Finally, the District Court did not enter a final judgment. "A judgment is not final until it is set out separately and entered as required by Rule 58." 10 Wright and Miller, at § 2656. Although the District Court did order the clerk of court to enter final judgment in this case, final judgment was never docketed in the record. Therefore, this Court is without jurisdiction to hear or decide the merits of this appeal.

We dismiss this appeal without prejudice.

Dated this 14th day of October, 1982.

_____
Chief Justice

_____


_____


_____
Justices