HALLICRAFTERS COMPANY, a Utah Corporation, RADTECH, INC., a New Mexico Corporation, HALRAD COMMUNICATIONS, INC., a Nevada Corporation, and CLARENCE LONG, Appellants, v. WILLIAM MOORE, Respondent.

No. 17387

December 4, 1986                                728 P.2d 441

---

*Beckley, Singleton, DeLanoy, Jemison & List* and *Carol R. Davis* and *Franny Forsman,* Las Vegas, for Appellants.

*Robert M. Apple,* Las Vegas, and *Ramsey, Moore, Morrison & Keddy,* Sacramento, California, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a partial summary judgment certified as final pursuant to NRCP 54(b) by the district court. Appellant Hallicrafters Company has requested that we determine whether this court has jurisdiction to entertain this appeal. In essence, Hallicrafters moves this court to dismiss.

Hallicrafters contends that, because all of respondent's causes of action arise out of a related series of transactions, respondent's complaint alleges only one claim for relief. *See* Mid-Century Ins. Co. v. Cherubini, 95 Nev. 293, 593 P.2d 1068 (1979); Las Vegas Hacienda v. G.L.M.M. Corp., 93 Nev. 177, 561 P.2d 1334 (1977). Hallicrafters argues, therefore, that the partial summary judgment was not amenable to certification pursuant to NRCP 54(b).

Separate causes of action may frequently state only a single

claim for relief for purposes of NRCP 54(b) when they arise out of a single transaction, or a series of related transactions. Multiple claims for relief can arise, however, from a single transaction, or a series of related transactions, in some circumstances. In this case, all of respondent's causes of action appear to have arisen out of the same transaction or series of related transactions. Respondent's complaint, however, states more than one claim for relief for purposes of NRCP 54(b). Four of respondent's causes of action are based on the alleged breach of a stock purchase agreement. An additional two causes of action allege the breach of a separate, but related, consulting agreement. The remaining causes of action sound in tort, alleging fraud and misrepresentation in inducing respondent to enter into the contracts referred to in the prior causes of action. Thus, respondent's various causes of action present at least three separate claims for relief, each requiring proof of facts and elements not necessary to the proof of the other claims. Therefore, Hallicrafters' contention that respondent's complaint states only one claim for relief for purposes of NRCP 54(b) lacks merit.

Respondent's complaint alleges more than one claim for relief. Further, the district court's partial summary judgment arguably finally adjudicates one of respondent's claims for relief. Nonetheless, we conclude that the district court improvidently certified its partial summary judgment as final. NRCP 54(b) provides that a judgment or order of the district court which completely removes a party or a claim from a pending action may be certified as final *"only* upon an express determination that there is *no just reason for delay. . . ."* (Emphasis added.)

If the claims asserted in an action, albeit separate, are so closely related that this court must necessarily decide important issues pending below in order to decide the issues appealed, there can be no finding that there is no just reason for delay, and certification of an order deciding some but not all of those claims as final is an abuse of the district court's discretion. *See* Mid-Century Ins. Co. v. Cherubini, 95 Nev. 293, 593 P.2d 1068 (1979); Las Vegas Hacienda v. G.L.M.M. Corp., 93 Nev. 177, 561 P.2d 1334 (1977). In this case, the claims alleged in respondent's complaint are so closely related that this court would necessarily decide the law of the case on the claims still pending in the district court in the course of deciding the appeal. Although the contract claims and the tort claims are separate, and require proof of separate elements, the factual underpinnings and many of the issues related to the measure of damages to be awarded are the same. Therefore, consideration of this appeal would result in

piecemeal litigation, and would defeat the purpose of NRCP 54(b).

Accordingly, we grant Hallicrafters' motion, and we dismiss this appeal without prejudice to the rights of the parties to pursue an appeal following a final judgment in the district court.