JENNIFER B. MALLIN, INDIVIDUALLY, AND JENNIFER B. MALLIN AND ROBERTA GRILL, AS THE GUARDIANS OF JESSICA B. MALLIN, AND JENNIFER B. MALLIN AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF VIRGINIA MALLIN EGYED, DECEASED; EDITH EGYED, EXECUTRIX OF THE ESTATE OF ALEX EGYED, AKA ALEXANDER EGYED, DECEASED; JEANNE DI FIORE COSGROVE; JOHN DI FIORE II; JARED E. SHAFER, EXECUTOR OF THE ESTATE OF ELIZABETH BARTON DI FIORE, AKA BETTY DI FIORE, DECEASED; MILES LEVY; ELISE KAGASOFF; AND JARED SHAFER, ADMINISTRATOR OF THE ESTATE OF JACK LEVY, DECEASED, APPELLANTS, v. FARMERS INSURANCE EXCHANGE, A CALIFORNIA CORPORATION, RESPONDENT.

No. 20903

September 19, 1990 797 P.2d 978

*Rogers, Moore & Mahone,* Las Vegas, for Appellant Jennifer Mallin.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Appellants Mallin.

*Morse & Mowbray,* Las Vegas, for Appellant Egyed.

*Gordon & Silver,* Las Vegas, for Appellant DiFiore, etc.

*Thorndal, Backus, Maupin & Armstrong,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting

summary judgment. Appellants have moved to dismiss on the ground that the district court improperly certified the judgment as final pursuant to NRCP 54(b).

On September 23, 1984, Alex Egyed killed his wife Virginia Mallin Egyed, Elizabeth Barton Di Fiore, Jack Levy, and himself. The estates and heirs of the three victims brought separate wrongful death actions against the estate of Alex Egyed. Two insurance policies potentially covered Egyed: a homeowner's policy from Farmers Insurance Exchange (Farmers) and an excess policy from Insurance Company of North America (INA). Both policies contain clauses which exclude coverage for intentional acts committed by the insured.

Farmers defended the estate of Alex Egyed under a reservation of rights to deny coverage. On January 28, 1986, Farmers brought a declaratory relief action against appellants, seeking a declaration of non-coverage pursuant to the intentional acts and household exclusions under its policy. On November 10, 1986, the estate of Alex Egyed filed an action against INA seeking a declaration of coverage and damages for failure to provide a defense. The wrongful death actions, the Farmers action for declaratory relief and the estate's action against INA were pending simultaneously in different departments of the Eighth Judicial District Court.

On August 18, 1988, the district court granted Farmers' motion for partial summary judgment based on the household exclusion clause of its policy. The district court then granted appellants' motion to consolidate the two coverage actions for all purposes. On November 9, 1989, the district court granted Farmers' motion for summary judgment based on the intentional acts exclusion clause of its policy. The district court later entered a judgment confirming its order which included an NRCP 54(b) certification. Appellants did not contest the certification in the lower court but filed notices of appeal between January 30, 1990, and February 2, 1990. Appellants have now moved to dismiss their own appeals, claiming that the NRCP 54(b) certification was improper. The district court granted INA's motion for a stay of the proceedings below pending this appeal.

Although the parties have not raised the issue, we note that we have not yet determined whether an order of the district court disposing of one of two consolidated cases is a final, appealable judgment absent NRCP 54(b) certification.[1] If such an order is

---

[1]NRCP 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or

appealable without certification, appellants' motion to dismiss must be denied. As the Ninth Circuit stated, however, "[a]n appeal prior to the conclusion of the entire action could well frustrate the purpose for which the cases were originally consolidated. Not only could it complicate matters in the district court but it could also cause unnecessary duplication of efforts in the appellate court." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); *see also* Trinity Broadcasting Corp. v. Eller, 827 F.2d 673 (10th Cir. 1987), *cert. denied,* 487 U.S. 1223 (1988); State v. District Court of Second Judicial Dist., 387 P.2d 550 (Wyo. 1963). The district court is clearly in the best position to determine whether allowing an appeal would frustrate the purpose for which the cases were consolidated. We hold, therefore, when cases are consolidated by the district court, they become one case for all appellate purposes. Thus, an order which resolves less than all of the claims in a consolidated action is not appealable as a final judgment absent NRCP 54(b) certification from the district court.

In their motions to dismiss, appellants first contend that the district court's determination that there was no just reason for delaying the appeal from the Farmers judgment was "insufficient." Appellants argue that the district court should be required to make findings of fact in regard to specific factors in order to determine whether there is just reason for delay. *See* Jackson v. Burlington Northern, Inc., 652 P.2d 223 (Mont. 1982); Roy v. Neibauer, 610 P.2d 1185 (Mont. 1980); Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3rd Cir. 1975); Schwartz v. Compagnie General Transatlantique, 405 F.2d 270, 275 (2nd Cir. 1968). Because the district court failed to state any factors supporting its decision that there was no just reason for delay in certifying the Farmers judgment as final, appellants urge this court to strike the certification.

Under NRCP 54(b), the district court is required only to make

when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

"an express determination that there is no just reason for delay" and "an express direction for the entry of judgment." The district court met those requirements and we are unconvinced that we should adopt any further requirements.

Although NRCP 54(b) clearly contemplates certification of a judgment resolving a claim or removing a party, previous decisions of this court have addressed the meaning of "no just reason for delay" only in "claims" cases, *i.e.,* cases in which certification is based on the resolution of fewer than all the claims in a case. *See, e.g.,* Hallicrafters Co. v. Moore, 102 Nev. 526, 728 P.2d 441 (1986); Mid-Century Ins. Co. v. Cherubini, 95 Nev. 293, 593 P.2d 1068 (1979); Las Vegas Hacienda v. G.L.M.M. Corp., 93 Nev. 177, 561 P.2d 1334 (1977). In both *Las Vegas Hacienda* and *Mid-Century,* this court addressed the issue of what constitutes a separate claim for relief for purposes of certification pursuant to NRCP 54(b). These cases are of no assistance in determining the propriety of certification in the instant case, because there is no doubt that the Farmers action for declaratory relief constituted a separate claim. Indeed, it actually began as an independent case.

In *Hallicrafters,* this court stated:

> If the claims asserted in an action, albeit separate, are so closely related that this court must necessarily decide important issues pending below in order to decide the issues appealed, there can be no finding that there is no just reason for delay, and certification of an order deciding *some but not all of those claims* as final is an abuse of the district court's discretion. [Citations omitted.]

Hallicrafters Co. v. Moore, 102 Nev. at 528 (emphasis added). Unlike our holdings in *Las Vegas Hacienda* and *Mid-Century Ins.,* this standard may have some application in determining the propriety of an NRCP 54(b) certification in "parties" cases, *i.e.,* cases in which certification is based on the complete removal of a party from the action in the district court. Citing *Hallicrafters,* appellants contend that the district court erred in determining that there was no just reason for delay because by deciding this appeal, this court will decide issues pending below and thereby establish the law of the case. The fact that a decision by this court may affect the case pending below, however, does not necessarily preclude a finding by the district court that there is no just reason to delay the appeal from the judgment in favor of Farmers. In "parties" cases such as this, the fact that a decision by this court will affect the decision below cannot be the deciding issue. When

a party has been eliminated from the action, a different balance of factors must be considered.

When a district court is asked to certify a judgment based on the elimination of a party, it should first consider the prejudice to that party in being forced to wait to bring its appeal. Second, the district court should consider the prejudice to the parties remaining below if the judgment is certified as final. The standard from *Hallicrafters* quoted above should be part of this analysis. The district court should weigh the prejudice to the various parties and should certify a judgment as final in a ''parties'' case if the prejudice to the eliminated party would be greater than the prejudice to the parties remaining below. Because the district court is in the best position to consider the above factors, a certification of finality pursuant to NRCP 54(b) based on the elimination of a party will be presumed valid and will be upheld by this court absent a gross abuse of discretion.

In this case, we cannot say that the district court improperly weighed the prejudice to the parties. The two cases were originally completely separate and appellants fail to demonstrate that by deciding this appeal, we will decide issues pending below. Accordingly, we deny appellants' motion to dismiss this appeal.[2]

---

[2]The Honorable John C. Mowbray and The Honorable Robert E. Rose, Justices, did not participate in the decision of this appeal.

Cause appearing, we deny INA's motion for leave to file an amicus curiae brief.