# IN THE SUPREME COURT OF THE STATE OF NEVADA

ZAISAN ENTERPRISES LLC,
Appellant,

vs.

THE FALLS AT RHOADS RANCH
CONDOMINIUM OWNERS
ASSOCIATION, INC., A NEVADA NON-
PROFIT CORPORATION,
Respondent/Cross-Appellant,

and

THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK AS
TRUSTEE FOR THE BENEFIT OF THE
CERTIFICATE HOLDERS OF THE
CWALT, INC., ALTERNATIVE LOAN
TRUST 2004-10CB, MORTGAGE PASS
THROUGH CERTIFICATES; AND
COUNTRYWIDE HOME LOANS, INC.,
Respondents/Cross-Respondents,

and

ALESSI & KOENIG, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 70708

FILED

JAN 1 8 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DISMISSING APPEALS*

This is an appeal and cross-appeal from a district court judgment of quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. When our initial review of the docketing statements and documents before this court revealed potential jurisdictional defects, we ordered appellant and respondent/cross-appellant to show cause why these appeals should not be dismissed for lack of jurisdiction. We questioned whether a final judgment appealable under NRAP 3A(b)(1) had been entered where it appeared that claims remained pending in the district court, *see Lee v. GNLV Corp.*, 116 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-01854

424, 426, 996 P.2d 416, 417 (2000), and the district court's certification of the order as final under NRCP 54(b) was improper because it did not completely remove any party from the action, *see* NRCP 54(b).

To date, appellant has failed to respond to our order. Respondent/cross-appellant has filed a response, but does not assert that a final judgment has been entered and declines to respond to this court's concerns regarding the NRCP 54(b) certification. We conclude that because claims remain pending in the district court, the challenged order is not appealable as a final judgment under NRAP 3A(b)(1). Further, because it appears that the order does not completely remove any party from the action, the purported NRCP 54(b) certification was improper. *See Mallin v. Farmers Ins. Exch.*, 106 Nev. 606, 797 P.2d 978 (1990). Accordingly, it appears that we lack jurisdiction, and we

ORDER these appeals DISMISSED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Gloria Sturman, District Judge
      Eleissa C. Lavelle, Settlement Judge
      Wolfe Thompson
      Akerman LLP/Las Vegas
      Wright, Finlay & Zak, LLP/Las Vegas
      HOA Lawyers Group, LLC
      Lipson Neilson Cole Seltzer & Garin, P.C.
      Eighth District Court Clerk