# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A.,
                    Appellant,
        vs.
WHITE LANTERN, LLC,
                    Respondent.

No. 73147

**FILED**

DEC 2 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
      DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order, purportedly certified as final under NRCP 54(b), granting a motion for summary judgment in an action relating to real property. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

When our initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that respondent's slander of title claim against appellant was not fully resolved. Accordingly, the district court's August 4, 2017, order purporting to certify the summary judgment order as final under NRCP 54(b) appeared improper because both appellant and respondent remained in the district court action. *See* NRCP 54(b); *Mallin v. Farmers Ins. Exch.*, 106 Nev. 606, 611, 797 P.2d 978, 981-82 (1990).

17-44268

In response to our order, appellant submitted a copy of a September 11, 2017, order dismissing the slander of title claim against appellant and the other defendants. While that order fully resolved all claims between appellant and respondent, it did not resolve appellant's cross-claims against Absolute Collection Services. And the district court did not certify the September 11, 2017, order as final under NRCP 54(b). Accordingly, because it appeared that the district court had not yet entered a final judgment appealable under NRAP 3A(b)(1), see Lee v. GNLV Corp., 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment), we again directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

Appellant has now submitted a response to our second order to show cause. Appellant once more points to the September 11, 2017, order dismissing the slander of title of claim and asserts that the order resolves all claims between appellant and respondent. Appellant does not, however, address the remaining cross-claims between appellant and Absolute Collection Services.

Because these cross-claims appear to remain pending in the district court[1] and the district court did not certify its September 11, 2017, order as final under NRCP 54(b), we conclude that the September 11, 2017, order is not a final judgment appealable under NRAP 3A(b)(1). As no other statute or court rule appears to authorize this appeal, see Brown v. MHC

---

[1]We note the parties' August 4, 2017, stipulation specifically states that Absolute Collection Services remains in the case and all claims between appellant and Absolute Collection Services are stayed pending any appeal by appellant.

SUPREME COURT
OF
NEVADA

(O) 1947A

*Stagecoach,* 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) , we conclude that we lack jurisdiction, and

ORDER this appeal DISMISSED.[2]

_____ , J.
Douglas

_____ J.
Gibbons

_____ , J.
Pickering

cc:    Hon. Joseph Hardy, Jr., District Judge
Akerman LLP/Las Vegas
The Law Office of Mike Beede, PLLC
Eighth District Court Clerk

---

[2]Any aggrieved party may file a new notice of appeal once a final judgment has been entered.

Appellant's motion to consolidate this appeal with the appeal in Docket No. 73948 is denied as moot.