# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OA14 MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-OA14,
Appellant,
vs.
MEO ENTERPRISES, LLC,
Respondent.

No. 74296



FILED

APR 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from an August 17, 2017, district court order granting a motion for attorney fees and costs. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

When our review of the docketing statement and documents before this court revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the challenged order was not substantively appealable. Although an order granting a motion for attorney fees and costs is appealable if it is entered after a final judgment, *see* NRAP 3A(b)(8), it did not appear that a final judgment had been entered in this matter because respondent's claims for slander of title remained pending in the district court.

In response to our order, appellant has submitted a copy of a district court order purporting to certify the August 17, 2017, order as final under NRCP 54(b). Appellant does not address the slander to title claims.

18-15337

The district court's certification of the August 17, 2017, order as final is improper because the order does not remove any party from the district court action. *See* NRAP 54(b) (allowing the district court to "direct the entry of a final judgment as to one or more but fewer than all of the parties . . ."); *Mallin v. Farmers Ins. Exch.*, 106 Nev. 606, 610-11, 797 P.2d 978, 981 (1990) (NRCP 54(b) allows certification when the order completely removes a party from the district court action). Further, appellant fails to demonstrate, or even allege, that the slander to title claims have been resolved. It thus appears that no final judgment has been entered in the district court and the August 17, 2017, order is not appealable as a special order after final judgment. As no other statute or court rule appears to allow an appeal from the August 17, 2017, order, *see Brown v. MHC Stagecoach*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) ("We may only consider appeals authorized by statute or court rule."), we conclude that we lack jurisdiction, and we

ORDER this appeal DISMISSED.

_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:   Hon. Joseph Hardy, Jr., District Judge
      Akerman LLP/Las Vegas
      The Law Office of Mike Beede, PLLC
      Eighth District Court Clerk