# IN THE SUPREME COURT OF THE STATE OF NEVADA

SELECT PORTFOLIO SERVICING,
INC., AS SERVICING AGENT FOR THE
BANK OF NEW YORK MELLION,
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE ALTERNATIVE
LOAN TRUST 2005-62, MORTGAGE
PASS-THROUGH CERTIFICATE
SERIES 2005-62,

Appellant,

vs.

PANDA LLC,

Respondent.

No. 73828



FILED

APR 2 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion for summary judgment in an action related to real property. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

When our initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the challenged order was not appealable as a final judgment under NRAP 3A(b)(1) because respondent's claim against appellant for slander of title remained pending in the district court. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment as "one that disposes of all the

18-15340

issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs"). We also explained that to the extent the district court purported to certify its judgment as final under NRCP 54(b), such certification is improper where both appellant and respondent remain in the district court action. *See* NRCP 54(b); *Mallin v. Farmers Ins. Exch.*, 106 Nev. 606, 610, 797, P.2d 978, 981 (1990).

In response to our order, appellant has submitted a copy of a district court order certifying the challenged order as final under NRCP 54(b). Appellant does not address the slander to title claim.

As stated in our order to show cause, the district court's order does not discuss the slander to title claim or award damages on that claim. And no other order appears to resolve that claim. It thus appears that respondent's slander to title claim against appellant remains pending in the district court such that the district court has not yet entered a final judgment. Further, certification under NRCP 54(b) is improper where both appellant and respondent remain in the district court action. *See* NRCP 54(b) (allowing the district court to "direct the entry of a final judgment as to one or more but fewer than all of the parties . . ."); *Mallin*, 106 Nev. at 610-11, 797 P.2d at 981 (NRCP 54(b) allows certification when the order completely removes a party from the district court action). To the extent the district court based its NRCP 54(b) certification on the elimination of claims between the parties, such certification is not permissible. *See* NRCP 54 drafter's note (2004 amendment).

As no other statute or court rule appears to allow an appeal from the order challenged in this appeal, *see Brown v. MHC Stagecoach*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) ("We may only consider appeals

 

authorized by statute or court rule."), we conclude that we lack jurisdiction, and we

ORDER this appeal DISMISSED.

_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc: Hon. Douglas Smith, District Judge
Wright, Finlay & Zak, LLP/Las Vegas
Ayon Law, PLLC
Eighth District Court Clerk