# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY S. LIFE, M.D., AN
INDIVIDUAL; DR. JEFFREY S. LIFE,
M.D., P.C., A NEVADA PROFESSIONAL
CORPORATION; AND DRLIFE.COM,
INC., A NEVADA CORPORATION,
     Appellants,
vs.
MARQUIS AURBACH COFFING, A
NEVADA PROFESSIONAL LIMITED
LIABILITY COMPANY; AND ALBERT
G. MARQUIS, ESQ.,
     Respondents.

No. 81561

FILED

NOV 05 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court's "Order on (1) Defendants' Motion to Strike Plaintiff's Expert Witness; (2) Plaintiff's Motion for Reconsideration; and (3) Plaintiff's Motion for Pretrial Order Regarding Economic Damages," certified as final pursuant to NRCP 54(b). Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Respondents have filed a motion to dismiss this appeal for lack of jurisdiction, arguing that the district court's certification of the challenged order was improper, and that claims remain pending below. Appellants oppose the motion and respondents have filed a reply.

In the underlying district court case, appellants' first amended complaint alleged the following causes of action against respondents: (1) professional negligence (related to a bankruptcy case), (2) professional negligence (related to loss of employment), (3) professional negligence (related to the collection of an arbitration award), (4) professional negligence (related to a settlement), and (5) fraud. Appellants argue that

20-40402

the order challenged on appeal completely resolved the second cause of action for professional negligence, and the district court's subsequent certification of that order, pursuant to NRCP 54(b), gives this court jurisdiction to consider this appeal.

The right to appeal is statutory; where no statute or court rule authorizes an appeal, no right to appeal exists. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). This court has jurisdiction to consider an appeal from a final judgment. NRAP 3A(b)(1). NRCP 54(b) provides an exception by allowing the district court, in an action involving more than one claim for relief, to direct entry of final judgment as to one or more, but fewer than all claims if the court determines that no just reason to delay the appeal exists.

Here, the district court's certification of one of appellants' professional negligence causes of action as final while leaving the remaining professional negligence causes of action, along with the claim for fraud undecided, effectively severs trial on appellants' different theories of the professional negligence cause of action that arise out of the same factual relationship. Because this certification is likely to result in piecemeal litigation, defeating the purpose of NRCP 54(b), *Hallicrafters Co. v. Moore*, 102 Nev. 526, 528-29, 728 P.2d 441, 443 (1986), this court concludes that the certification is improper. *See id.* ("if the claims asserted in an action, albeit separate, are so closely related that this court must necessarily decide important issues pending below in order to decide the issues appealed, there can be no finding that there is no just reason for delay, and certification of an order deciding some but not all of those claims as final is an abuse of the

district court's discretion"). Accordingly, the motion to dismiss is granted, and this court

ORDERS this appeal DISMISSED.

_____, J.
Gibbons

_____, J.
Stiglich

cc:    Hon. Rob Bare, District Judge
       Kristine M. Kuzemka, Settlement Judge
       Law Offices of Mont E. Tanner
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Eighth District Court Clerk