# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHERI RENE WIMAN,
Appellant,

vs.

COTY REFAELY,
Respondent.

No. 82763

**FILED**

JUL 02 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from an interlocutory order. Eighth Judicial District Court, Clark County; David M. Jones, Judge.

Appellant challenges an order granting a motion to enforce a settlement agreement and addressing related issues, but not dismissing the underlying complaint. Because it appeared that this court lacked jurisdiction, *see Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 301 P.3d 850 (2013) (an order granting a motion to enforce a settlement agreement is not a final judgment where it does not enter judgment in favor of a party or otherwise resolve the pending claims), this court directed appellant to show cause why the appeal should not be dismissed.

In response, appellant asserts that the challenged order is appealable as a final judgment, and provides this court with an order certifying the order as final pursuant to NRCP 54(b).

The challenged order does not resolve the claims asserted in the district court proceedings and expressly denies appellant's "Countermotion to Enforce the Settlement Agreement and to Dismiss Case with Prejudice." It is thus not appealable as a final judgment. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment); *Valley Bank of Nev.*, 110 Nev. at 446, 874 P.2d at 733-34 (concluding that the district court's order approving a settlement agreement was not a final,

appealable judgment because the parties claims were not dismissed or otherwise resolved).

In addition, the order does not appear amenable to NRCP 54(b) certification because the district court did not make an express determination that there is no just reason for delay. *Aldabe v. Evans*, 83 Nev. 135, 425 P.2d 598 (1967). And it appears that the claims asserted in the action are so closely related that this court must necessarily decide issues pending below in order to decide the issues appealed. *Mallin v. Farmers Insurance Exchange*, 106 Nev. 606, 797 P.2d 978 (1990); *Hallicrafters Co. v. Moore*, 102 Nev. 526, 728 P.2d 441 (1986). Reviewing the matter at this stage of the proceedings could result in piecemeal litigation, defeating the purpose of NRCP 54(b). Accordingly, this court concludes that it lacks jurisdiction. An appeal may be taken from a final judgment resolving the claims asserted below. This court

ORDERS this appeal DISMISSED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. David M. Jones, District Judge
Ara H. Shirinian, Settlement Judge
Law Office of S. Don Bennion
Michael S. Strange & Associates, LLC
Eighth District Court Clerk

