# IN THE SUPREME COURT OF THE STATE OF NEVADA

VRES, LLC, A NEVADA LIMITED LIABILITY COMPANY,
                          Appellant,
vs.
CLASSIC LANDSCAPES, LLC, A NEVADA LIMITED LIABILITY COMPANY,
                          Respondent.

No. 82871

FILED

APR 07 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
        DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a judgment in favor of respondent. Eighth Judicial District Court, Clark County; Bita Yeager, Judge.

Review of the documents submitted to this court revealed a potential jurisdictional defect. Specifically, it did not appear that the March 29, 2021, district court order was appealable as a final judgment because respondent's counterclaims remained pending below, and no other statute or court rule allowed for an appeal from the order. Accordingly, this court directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant has filed a response to the order to show cause, and respondent has filed a reply.

In its response to the order to show cause appellant argues that the March 29 order is "in essence" final, and that it was the district court's intent to dispose of all pending claims therein. This alleged intent appears

22-10930

to be belied by the district court's entry of a minute order on November 24, 2021, amending the March 29 order and dismissing respondent's counterclaims. However, this minute order is not effective for purposes of appeal. *See State, Div. of Child & Family Servs. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 454, 92 P.3d 1239, 1245 (2004) ("[D]ispositional court orders that are not administrative in nature, but deal with the procedural posture or merits of the underlying controversy, must be written, signed, and filed before they become effective."). Accordingly, this court concludes that the March 29 order did not dispose of all the issues presented in the case, and thus is not a final judgment. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment).

Absent a final judgment, appellant argues that the district court certified the March 29 order as final, pursuant to NRCP 54(b), when it determined that there was no just reason for delay and entered judgment in favor of respondent on appellant's claims. However, this alleged NRCP 54(b) certification would be improper because the March 29 order does not completely remove either appellant or respondent from the action. *See* NRCP 54(b); *Mallin v. Farmers Ins. Exch.*, 106 Nev. 606, 797 P.2d 978 (1990), *overruled on other grounds by In re Estate of Sarge*, 134 Nev. 866, 432 P.3d 718 (2018). And certification based on resolution of certain claims likewise appears improper here, where the claims asserted "are so closely related that this court must necessarily decide important issues pending below in order to decide the issues appealed." *Hallicrafters Co. v. Moore*, 102 Nev. 526, 528, 728 P.2d 441, 442 (1986).

Finally, this court declines appellant's invitation to construe the March 29 order as the district court's indicative ruling for purposes of

remand under NRAP 12A and/or NRCP 62.1. As this court lacks jurisdiction over this appeal, we

ORDER this appeal DISMISSED.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                              Herndon

cc:  Hon. Bita Yeager, District Judge
     Patrick N. Chapin, Settlement Judge
     Law Office of Erven T. Nelson
     Marquis Aurbach Coffing
     Eighth District Court Clerk

---

[1]In light of this determination, this court takes no action in regard to the motions filed on December 23 and 30, 2021.