Carole **LOPEZ**, Plaintiff–Appellant,

v.

**CONTINENTAL CAN COMPANY IN-CORPORATED; Shell Oil Company; T. Salter Incorporated,** Defendants–Appellees.

No. 90–56346.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1991.

Decided April 7, 1992.

Baret C. Fink, Perelman & Fink, Los Angeles, Cal., for plaintiff-appellant.

R. Gus Lehouck, Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendants-appellees.

Before: PREGERSON, CANBY and RYMER, Circuit Judges.

PREGERSON, Circuit Judge:

Carole Lopez sued her former employer, Continental Can, Inc., for fraudulently concealing the cause of her illness. The district court granted Continental Can's motion for summary judgment on the ground that Lopez's claim was preempted by section 301 of the Labor Management Relations Act. Lopez appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 629 (9th Cir.1987). We reverse.

Carole Lopez worked for Continental Can, Inc., cleaning floors and machinery at its Van Nuys, California plant.[1] Lopez made daily use of cleaning solvents containing Methyl Ethyl Ketone and other toxic chemicals. After long-term exposure to the solvents, Lopez became ill. Her illness covered the period from 1984 to 1987, and was marked by a progressive deterioration of her physical condition. By 1987, Lopez was physically unable to continue working. Lopez's claim against Continental Can does not stem from her initial job related injury which was covered by California Workers' Compensation law. Cal.Lab.Code § 3600(a). Rather, Lopez's claim is that her injuries were *aggravated* by Continental Can's fraudulent concealment of the cause of her illness.

At issue here is whether section 301 of the Labor Management Relations Act preempts Lopez's state law fraud claim. Section 301 may preempt a state claim in either of two ways. First, a state claim will be preempted if the claim is "founded directly on rights created by collective-bargaining agreements." *Gulden v. Crown Zellerbach Corp.*, 890 F.2d 195, 198 (9th Cir.1989) (quoting *Lingle v. Norge Div. of*

---

1. Because Lopez appeals from a summary judgment, we accept her version of the facts for purposes of decision.

*Magic Chef, Inc.,* 486 U.S. 399, 410 n. 10, 108 S.Ct. 1877, 1884 n. 10, 100 L.Ed.2d 410 (1988)).

■ Second, where the right is created by state law and not the collective-bargaining agreement, a state claim is preempted if application of the law is "substantially dependent on analysis of a collective-bargaining agreement." *Id.* (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987)). "[A]n application of state law is preempted by § 301 of the Labor Management Relations Act of 1947 only if such application *requires* the interpretation of a collective-bargaining agreement." *Lingle,* 486 U.S. at 413, 108 S.Ct. at 1885 (emphasis added).

We have previously determined that a state fraud claim brought against an employer by workers exposed to harmful chemicals is not preempted by the Labor Management Relations Act. *Gulden,* 890 F.2d at 198. In *Gulden* two workers were exposed to noxious chemicals while scrubbing floors. The workers sought redress on the ground that the employer, Crown Zellerbach, did not comply with the state law duty to warn them of the hazards to which they were exposed. We held their claims were not preempted by section 301 because none of the elements of their claims required the interpretation of a collective bargaining agreement. *Id.* at 199.

■ Under California law, the aggravation of an employee's illness resulting from the employer's fraudulent concealment of its cause is a state tort claim, distinct from a Workers' Compensation claim. Since 1980, California has recognized "a cause of action for aggravation of the disease, as distinct from the hazards of the employment which caused [the employee] to contract the disease." *Johns–Manville Prods. Corp. v. Contra Costa Superior Court,* 27 Cal.3d 465, 477, 165 Cal.Rptr. 858, 612 P.2d 948 (1980). This rule has been codified in the California Labor Code which provides in pertinent part: "An employee ... may bring an action at law for damages against the employer ... [w]here the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment...." Cal.Lab.Code § 3602. Lopez's claim arises out of a state created right.

To prevail on her claim, Lopez must show that Continental Can fraudulently concealed the fact that her illness was caused by exposure to toxic chemicals in the workplace. *Johns–Manville,* 27 Cal.3d at 477, 165 Cal.Rptr. 858, 612 P.2d 948. Lopez must also show that Continental Can's concealment of the cause of her illness prevented her from receiving treatment for the disease and induced her to continue to work under hazardous conditions. *Id.* Determination of these elements requires a strictly factual inquiry into the knowledge and actions of Continental Can. To adjudicate Lopez's fraudulent concealment claim, there is no need to interpret any provision of the collective bargaining agreement. Nor is Lopez's claim founded directly on rights created by the collective bargaining agreement. We therefore conclude that Lopez's fraudulent concealment claim is not preempted by section 301. The district court's grant of summary judgment is reversed.

REVERSED and REMANDED.

RYMER, Circuit Judge, dissenting:

I would affirm the summary judgment entered by Judge Kenyon because he correctly found that Lopez's claim for fraudulent concealment would necessarily entail reference to, and interpretation of, the health and safety provisions contained in Article 17 of the Master Agreement.

Article 17 begins with an acknowledgment by Continental Can and the Union that "high standards of safety and health are necessary to prevent industrial injury and illness," and reflects their agreement to cooperate to that end. Section 17.1 requires Continental Can to "continue to make reasonable provisions ... for the safety and health of its employees at the plant during the hours of their employment." The Master Agreement further establishes a Joint Safety and Health Committee to assist the company in carrying

out its accident prevention and health program, and Continental Can is required to furnish safety and accident reports to the Committee. *See* §§ 17.2, 17.6. Section 17.9 imposes on the company the obligation to assure that "[c]hemicals, solvents and compounds which are generally known to pose a hazard to safety or health will be properly labeled where stored." Finally, § 17.7 allows an employee to complain about unsafe or unhealthy conditions, requires an investigation, and provides for grieving an adverse determination.

Lopez's claim that Continental Can fraudulently concealed the existence of toxic chemicals that aggravated her existing injury requires interpreting the contractual obligations set out in Article 17, because that article defines the extent of Continental's duty to inform Lopez about the health and safety risks of her workplace. That makes Lopez's claim substantially dependent upon analysis of the agreements under *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (1985). Accordingly, it is preempted by § 301.