UNION PACIFIC RAILROAD COMPANY, a Foreign Corporation, Appellant/Cross-Respondent, *v.* LARRY J. HARDING, Individually, Respondent/Cross-Appellant.

No. 28867

May 19, 1998                                    958 P.2d 87

*Raleigh, Hunt & McGarry,* Las Vegas, for Appellant/Cross-Respondent.

*Galatz, Earl & Bulla,* Las Vegas; *Fogel, Feldman, Ostrov, Ringler & Klevens,* Santa Monica, California, for Respondent/Cross-Appellant.

## OPINION

*Per Curiam:*

This case arises out of a collision between two freight trains

near Caliente, Nevada. Three employees of appellant/cross-respondent Union Pacific Railroad Company (UPRR) were injured in the accident, and another was killed. The estate of the deceased employee sued UPRR for damages; UPRR in turn filed a third-party complaint against two of the employees involved in the collision, Roger J. Sullenberger and respondent/cross-appellant Larry J. Harding, seeking indemnity and contribution. Sullenberger filed a cross-complaint against UPRR pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 (1994).

Sullenberger joined in Harding's motion to dismiss UPRR's third-party complaint on the grounds that it was preempted by FELA and/or the Railway Labor Act, 45 U.S.C. § 151 (1994). The district court granted Harding's motion and dismissed UPRR's complaint as to Harding and Sullenberger. UPRR filed a motion for certification of final partial judgment as to third-party defendant Harding, pursuant to NRCP 54(b), and the motion was granted. UPRR now appeals the district court's dismissal of its third-party complaint against Harding. Harding cross-appeals the district court's certification of its order granting dismissal of UPRR's third-party complaint against Harding as final. We conclude that the district court properly dismissed UPRR's third-party complaint against Harding because it lacked jurisdiction under the Railway Labor Act.

## FACTS

On January 12, 1995, an eastbound Union Pacific freight train collided head-on with a westbound Southern Pacific freight train near Caliente, Nevada. At the time of the accident, both trains were manned by UPRR employees; Sullenberger and Harding were engineer and conductor, respectively, of the Union Pacific train, and Michael Allen Smith and Robert A. Franklin were engineer and conductor, respectively, of the Southern Pacific train. All four UPRR employees were injured in the accident, and Smith died from his injuries.

On February 16, 1995, Smith's widow and estate filed a wrongful death suit against UPRR. On June 7, 1995, UPRR filed a third-party complaint against its employees, Sullenberger and Harding, seeking contribution and indemnification with regard to Smith's suit, along with indemnification for damages caused to Southern Pacific's train and for UPRR's lost profits and damaged property caused by the accident. UPRR alleged that Sullenberger and Harding, who had been controlling the eastbound Union Pacific train at the time of the accident, had failed to heed a stop signal prior to the accident; had the eastbound train stopped, the westbound Southern Pacific train would have been able to enter

and clear a siding, thus passing the eastbound train without incident.

On August 23, 1995, Harding filed a motion to dismiss UPRR's third-party complaint. Harding's motion alleged that the district court lacked jurisdiction because the federal Railway Labor Act preempted, and because FELA prohibited, UPRR's third-party claims which allegedly seek over $5,000,000 in damages. On August 31, 1995, Sullenberger joined in Harding's dismissal motion. On October 23, 1995, Sullenberger filed a counterclaim against UPRR for personal injuries incurred in the accident, pursuant to FELA. Harding filed a FELA action against UPRR in California state court, which was still pending as of January 1997.

On November 6, 1995, the district court granted Harding's motion to dismiss UPRR's third-party complaint as to both Harding and Sullenberger; the district court did not specify the basis for its decision. On January 8, 1996, UPRR moved the district court for certification of final, partial judgment as to third-party defendant Harding, pursuant to NRCP 54(b). Harding, joined by Smith's widow and estate, opposed UPRR's certification motion. Notwithstanding, on May 15, 1996, the district court determined that there was no just reason to delay entry of final judgment on UPRR's third-party complaint against Harding, and granted UPRR's certification motion.

Subsequently, UPRR filed a timely notice of appeal from the district court's dismissal and final certification of UPRR's third-party complaint against Harding. Harding filed a timely notice of cross-appeal from the district court's order granting certification of a final, partial judgment in this matter as to UPRR's third-party complaint against Harding.

## DISCUSSION

Because Harding's cross-appeal questions the jurisdiction of this court to consider the substantive issues on appeal, it will be disposed of first. "[A] certification of finality pursuant to NRCP 54(b) based on the elimination of a party will be presumed valid and will be upheld by this court absent a gross abuse of discretion." Mallin v. Farmers Insurance Exchange, 106 Nev. 606, 611, 797 P.2d 978, 981-82 (1990). In this case, we conclude that the district court's order granting certification did not constitute a gross abuse of discretion. Therefore, we will now consider the merits of this appeal.

Harding asserts that deciding the merits of UPRR's third-party claims will necessarily require interpretation and application of a

collective bargaining agreement (CBA), thus the Railway Labor Act (RLA), preempts UPRR's third-party complaint. Harding is a member of the United Transportation Union (UTU). Rule 103 of the UPRR-UTU CBA provides:

LOSS OR DAMAGE TO EQUIPMENT:

Rule 103: Conductors will not be obliged to pay fines for loss or damage to equipment.

Harding and UPRR dispute the meaning of the word "fine." UPRR argues that the ordinary meaning of the word has a penal connotation, whereas Harding argues that civil damages may constitute a fine. Because there is a question as to the interpretation of "fine," Harding contends that UPRR's third-party complaint involves the type of dispute which must be resolved through the mandatory procedures of the RLA.

The RLA explains that a "minor dispute" (as opposed to a "major dispute" which relates to the formation and negotiation of a CBA and is resolved through mandatory bargaining) grows "out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 153, First (i). The first step in resolving a minor dispute is through the railroad company's resolution procedures; if the dispute cannot be settled internally, it goes before binding arbitration set by the National Railroad Adjustment Board (NRAB). *See* Consolidated Rail Corp. v. Railway Labor Executives' Assn., 491 U.S. 299, 302 (1989). Following the NRAB's issuance of a decision, either party may seek judicial review (albeit the scope of that review is quite limited). *See* Kulavic v. Chicago & Illinois Midland Ry. Co., 1 F.3d 507, 513 (1994).

In Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 260 (1994), the Court stated that a minor dispute under the RLA exists where an allegedly breached duty is "rooted firmly in the CBA," and " 'any attempt to assess liability here inevitably will involve' " interpretation of the collective bargaining agreement. 512 U.S. at 260 (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 218 (1985)). "The distinguishing feature of a [minor dispute] is that the dispute may be conclusively resolved by interpreting the existing [CBA]." *Consolidated Rail,* 491 U.S. at 305; *see also* Magnuson v. Burlington Northern, Inc., 576 F.2d 1367, 1369-70 (9th Cir. 1978) (holding that a minor dispute exists and the RLA preempts state law where conduct at issue has a " 'not obviously insubstantial' relationship to the labor contract"). Stated another way, the RLA preempts state law claims only where the claim is dependent on the interpretation of a

collective bargaining agreement. *Hawaiian Airlines,* 512 U.S. at 261.

The Supreme Court has noted that the RLA preemption standard "is virtually identical to the pre-emption standard the Court employs in cases involving § 301 of the LMRA."[1] *Hawaiian Airlines,* 512 U.S. at 260. In MGM Grand Hotel v. Insley, 102 Nev. 513, 518, 728 P.2d 821, 824 (1986), we stated:

> Section 301 [of the LMRA] does not necessarily preempt every state law claim asserting a right that relates in some way to a provision in a collective bargaining agreement, or that relates more generally to the parties to such an agreement.

*See also* Lopez v. Continental Can Co., Inc., 961 F.2d 147, 149 (9th Cir. 1992). However, in *Insley* we also stated that: "A tort action brought in state court which would require the court to interpret the meaning or scope of a term in the employment contract would also be preempted." 102 Nev. at 517, 728 P.2d at 824.

In the case before us, we believe that preemption is appropriate. The application or interpretation of Rule 103 of the UPRR-UTU CBA is substantially involved in this case; if the language of the rule encompasses civil damages, it would appear that Rule 103 of the UPRR-UTU CBA conclusively resolves the matter. Therefore, we conclude that the district court properly dismissed UPRR's state law claims against Harding on the basis of RLA preemption.[2] Because we affirm the district court's order on this ground, we need not reach the issue of FELA preemption.

## CONCLUSION

We conclude that provisions of the UPRR-UTU CBA are substantially implicated by UPRR's third-party complaint against Harding. Therefore, UPRR's third-party complaint constitutes a minor dispute under the RLA and must be resolved pursuant to

---

[1]"LMRA" is an abbreviation for the Labor Management Relation Act; section 301 (codified as 29 U.S.C. § 185 (1973)) "provides federal court jurisdiction over controversies involving collective bargaining agreements and also authorizes federal courts to fashion a body of federal law for the enforcement of these agreements." Loewen Group Intern. Inc. v. Haberichter, 65 F.3d 1417, 1421 (7th Cir. 1995).

[2]We note that although it did not provide its reasons for granting dismissal, the issue of RLA preemption was before the district court. We may affirm a correct result even if the reasoning of the lower court is not clear. *Cf.* Rosenstein v. Steele, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987).

the mandates of that federal statute. Because UPRR's state law claims were preempted by the RLA, the district court properly dismissed its complaint as to Harding.