NEVADA STATE APPRENTICESHIP COUNCIL; STATE OF NEVADA AND STANLEY P. JONES, LABOR COMMISSIONER OF THE STATE OF NEVADA AND STATE DIRECTOR OF APPRENTICESHIP, APPELLANTS, *v.* JOINT APPRENTICESHIP AND TRAINING COMMITTEE FOR THE ELECTRICAL INDUSTRY, Respondents.

No. 9631

December 20, 1978                    587 P.2d 1315

[Rehearing denied February 8, 1979]

*Robert List,* Attorney General; *Donald C. Hill, Jr.,* Deputy Attorney General; *Michael W. Dyer,* Deputy Attorney General, Carson City, for Appellants.

*John Peter Lee,* and *James C. Mahan,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

On March 11, 1976, respondent, the Joint Apprenticeship and Training Committee (JATC), terminated the indentureship of an apprentice, John Brooks, Jr. Brooks appealed to the Nevada State Apprenticeship Council (NSAC). After conducting a hearing, the NSAC reversed the JATC termination, concluding that it was decided on the basis of erroneous information, and ordered Brooks reinstated. On appeal by the JATC, the Labor Commissioner affirmed the NSAC determination and order of reinstatement. The JATC then petitioned for judicial review. The district court reversed the Labor Commissioner, concluding that the NSAC "violated its own rules and regulations, provisions of Nevada Revised Statutes, and due process guarantees of the Fourteenth Amendment of the United States Constitution by failing to require [Brooks] to file a detailed complaint stating with particularity his charges against the JATC and the factual bases for those charges and serving the same upon the JATC, thereby giving the latter proper notice as to the charges it would face at the hearing . . . and the opportunity to prepare a defense to those charges."

The NSAC and the Labor Commissioner appeal, claiming that the district court erred in finding that the JATC lacked proper notice of the hearing. We agree and reverse the district court's order.

Brooks, in a letter to the NSAC, styled his action an "appeal" from the JATC decision terminating his indentureship. The Rules of Practice and Procedure for the NSAC do not specifically provide for any pleading captioned an "appeal." On judicial review, the JATC argued, and the district court apparently agreed, that Brooks' letter must be considered a "complaint" and meet the particular requirements of NSAC Rule 5.4.[1]

However, NRS 610.140(2) provides that "[t]he activities of local or state joint apprenticeship committees are, at all times subject to *appeal* to the state apprenticeship council." (Emphasis added.) Nothing in the Nevada Revised Statutes or the NSAC Rules of Practice and Procedure requires an apprentice, who appeals the termination of his/her indentureship, to file a "complaint" where statutory and due process requirements of notice otherwise are satisfied.

NRS 233B.121 requires notice in a contested case, to be "reasonable" and include a "short and plain statement of the matters asserted." Although there are differing views, the modern trend in administrative pleadings is that due process requirements of notice are satisfied where the parties are sufficiently apprised of the nature of the proceedings so that there is no unfair surprise. The crucial element is adequate opportunity to prepare. 1 K. Davis, Administrative Law §§ 8.04 and 8.05 (1958). *See* Expert Electric, Inc. v. Levine, 399 F.Supp. 893 (S.D.N.Y. 1975); North State Tel. Co., Inc. v. Alaska Public Util. Com'n, 522 P.2d 711 (Alaska 1974); Ford v. Bay County School Board, 246 So.2d 119 (Fla.App. 1970); Department of Revenue v. Jamb Discount, 301 N.E.2d 23 (Ill.App. 1973).

In our opinion both NRS 233B.121 and due process requirements were satisfied when the JATC received a copy of Brooks'

[1]Rule 5.4 provides:

*"COMPLAINTS TO COUNCIL*—Upon the complaint of any interested person, or upon the initiative of any Council member, the Council may investigate possible violations of the terms of apprenticeship agreements made under Chapter 610 of Nevada Revised Statutes. The complaint of any person shall be stated with sufficient particularity to enable the respondent to prepare a defense thereto. The complaint shall be in writing and shall be signed and verified by the person making it and eight (8) copies shall be filed with the Council within twenty-four (24) months after the commission of the last act complained of. If from the sworn complaint or from other official records of the Council, it is made to appear that the charges may be well founded, in fact, then the Council shall cause written notice itemizing such charges and notice of a hearing date to be served by certified mail upon the person charged at least fourteen (14) days before the date fixed for the hearing.

letter of appeal, notice of the time and place of the appeal hearing and a request that it should present its "justification" for Brooks' termination.

The JATC knew that its decision terminating Brooks was being challenged.[2] It, better than Brooks, knew and had access to the factual data upon which its decision was based.[3] Moreover, the JATC suffered no prejudice. Subsequent to the hearing, it had an opportunity to present to the Labor Commissioner any material evidence which it may have been prevented from introducing at the hearing because of inadequate notice. Yet, to date, the JATC has offered no evidence explaining the erroneous information.[4]

Reversed.[5]

---

[2]The record shows that from the outset the JATC in fact expected Brooks' appeal.

[3]We also note that NRS 610.140(1)(c) requires the JATC to submit to the State Apprenticeship Council, within ten days after the termination of the indenture of any apprentice, a notice of the reason for termination. The record does not indicate whether the JATC complied with the requirement, but we think the provision indicates that the reasons for termination, including the accuracy of the underlying information, are expected to be examined on appeal.

[4]On appeal to the Labor Commissioner, and in its petition for judicial review, the JATC might well have argued that the erroneous information was harmless error; that its decision terminating Brooks was clearly justified despite the erroneous information, and that therefore the NSAC reversal and order of reinstatement was not supported by substantial evidence. Instead, however, the JATC chose to continue its appeal based on the theory of inadequate notice.

[5]The Chief Justice designated HON. DAVID ZENOFF, Senior Justice, to sit in this case in place of the HON. JOHN MOWBRAY, Justice, who was disqualified. Nev. Const. art. 6, § 19; SCR 243.