DONALD BERNARD and CAROLYN BERNARD, Appellants, *v.* ROCKHILL DEVELOPMENT COMPANY and MICHAEL E. ABBASSI, Respondents.

No. 17123

March 31, 1987                                    734 P.2d 1238

*Gene R. Barbagelata,* Reno, for Appellants.

*Walther, Key, Maupin, Oats, Cox, Lee & Klaich,* and *Donald A. Lattin,* Reno, for Respondents.

## OPINION

*Per Curiam:*

On August 24, 1981, appellants Donald and Carolyn Bernard (the Bernards) entered into an agreement with Rockhill Development Company and Michael E. Abbassi (Rockhill). Pursuant to this agreement and an addendum dated September 1, 1981, the Bernards agreed to purchase and Rockhill agreed to build a residence on Lot 8, Lakeridge Shores in Washoe County, Nevada.

On July 18, 1983, the Bernards recorded their 1981 contract of sale entitled "Deposit Receipt, Sales Agreement and Escrow Instructions" with the Washoe County Recorder. Approximately nine months later, in an effort to obtain construction money to build the residence on Lot 8, Rockhill asked the Bernards to release any lien or encumbrance on the title to Lot 8 which their previous recordation had created. On April 19, 1984, the Bernards executed a release to Rockhill and agreed not to file, record, or cause to be recorded any document which would have the effect of creating a lien or encumbrance on the title to Lot 8. Additionally, the release provided that the agreement would be

binding upon the Bernards as long as Rockhill "complies with the unrecorded Sales Agreement and Escrow Instructions dated August 24, 1981."

Maintaining that Rockhill had failed to build their residence according to the August 24, 1981 agreement, the Bernards filed a three-count complaint in which they alleged the following:

*Count I* Rockhill breached and repudiated the agreement by failing to build the residence in accordance with plans, specifications, covenants, and agreements.

*Count II* Rockhill falsely represented to the Bernards that they would honor and perform their August 24, 1981 contract if the Bernards would execute a release and agreement.

*Count III* Rockhill's misrepresentations were malicious and the Bernards should be awarded punitive damages.

Contending that the Bernards' allegations amounted to no more than a claim for breach of contract, Rockhill filed a motion for partial judgment on the pleadings pursuant to NRCP 12(c) and moved to dismiss Count III, the Bernards' request for punitive damages. The district court found that the Bernards had attempted to create an additional claim for relief sounding in tort by "cloaking" their breach of contract claim with language which suggested the tort of misrepresentation. The court further found that since the Bernards' action against Rockhill was only for breach of an obligation arising from contract, the Bernards were precluded from recovering punitive damages under NRS 42.010.[1] The district court also dismissed Count II, the Bernards' action for fraudulent misrepresentation, and certified its judgment as final pursuant to NRCP 54(b).[2] We have determined that not only did the district court erroneously conclude that as a matter of law the Bernards' claim was in contract and not in tort

[1]NRS 42.010 provides in pertinent part that punitive damages may be awarded "[i]n an action for the breach of an obligation not arising from contract."

[2]On July 9, 1986, this court filed an order directing appellants to show cause why this appeal should not be dismissed. Our preliminary review of the record on appeal indicated that the order appealed from might not have been amenable to certification pursuant to NRCP 54(b). It initially appeared that the claims resolved in the order appealed from arose out of the same transaction or series of transactions as the remaining unresolved breach of contract claim. An order partially adjudicating a complaint which asserts only one claim for relief is not amenable to a Rule 54(b) certification. *See* Mid-Century Ins. Co. v. Cherubini, 95 Nev. 293, 593 P.2d 1068 (1979). We conclude, however, that while the allegations of fraudulent misrepresentation arose out of circumstances surrounding the 1981 contract, appellants' tort claim was sufficiently separate and distinct as to warrant a Rule 54(b) certification. A decision of this court either affirming or reversing the order of the district court would not decide the law of the case on the contract claim still pending in the district court. *See* Hallicrafters Co. v. Moore, 102 Nev. 526, 728 P.2d 441 (1986).

but that a judgment on the pleadings pursuant to Rule 12(c) was inappropriate in this case.

Rockhill contends that the Bernards' only cause of action was for a breach of an obligation arising from the 1981 contractual relationship between the parties. We disagree. The Kansas Supreme Court provides helpful guidelines for determining whether a claim sounds in tort or in contract. In Malone v. University of Kansas Medical Center, 552 P.2d 885, 888 (Kan. 1976) the court stated:

> A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement. A tort, on the other hand, is a violation of a duty imposed by law, a wrong independent of contract. Torts can, of course, be committed by parties to a contract. The question to be determined here is whether the actions or omissions complained of constitute a violation of duties imposed by law, or of duties arising by virtue of the alleged express agreement between the parties.

There is no question that a contractual relationship existed between Rockhill and the Bernards as a result of their agreement to build and purchase a residence constructed on Lot 8 at Lakeridge Shores. However, when Rockhill asked the Bernards to "unrecord" the contract of sale and thereby release any lien or encumbrance on the title to Lot 8, the Bernards surrendered a valuable legal right: notice to the public of their contractual rights to Lot 8. In contrast, Rockhill gave up nothing because it was already under a legal duty by virtue of the 1981 contract. Rockhill had a separate duty, independent of that imposed by the 1981 contract, not to make false promises or fraudulently misrepresent its intention to perform. Whether Rockhill intentionally induced the Bernards to sign the release in order to wrongfully obtain something for nothing or maliciously made its promise with the intention not to perform, is a question of fact. The Bernards are entitled to a hearing on the merits of their tort claim.

We further note that a resolution of this case on a Rule 12(c) motion was inappropriate. A Rule 12(c) motion is designed to provide a means of disposing of cases when material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings.[3] 5 C. Wright & A.

---

[3]NRCP 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as

Miller, *Federal Practice and Procedure* § 1367 (1969). The motion for a judgment on the pleadings has utility only when all material allegations of fact are admitted in the pleadings and only questions of law remain. *Id. See also* Duhame v. United States, 119 F.Supp. 192 (Ct.Cl.1954). Moreover, a defendant will not succeed on a motion under Rule 12(c) if there are allegations in the plaintiff's pleadings that, if proved, would permit recovery. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1368 (1969). In Count II of their complaint, the Bernards alleged that Rockhill fraudulently misrepresented its intention to perform when it induced them to execute the release and agreement. Rockhill's denial of the allegations precluded the district court from granting Rockhill's motion for judgment on the pleadings. The pleadings did not resolve all the material issues of fact in this case; there was a substantive dispute involving Rockhill's tort liability that would justify a trial of the issue. Rockhill was not entitled to judgment as a matter of law. We therefore reverse the order of the district court granting Rockhill's motion for a partial judgment on the pleadings and reinstate Count II and Count III of the Bernards' complaint.

one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.