**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBRA M. BALESTRA-LEIGH; STEPHEN M. BALESTRA, | No. 10-17621 |
| Plaintiffs - Appellants, | D.C. No. 3:09-cv-00551-ECR-RAM |
| v. | |
| JESSICA K. BALESTRA, FKA Jessica K. Eslava-Barbieri, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Debra M. Balestra-Leigh and Stephen M. Balestra appeal from the district

court's judgment in their diversity action against Jessica K. Balestra alleging

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

breach of contract and various torts related to their deceased father's estate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and we affirm.

The district court properly dismissed the action because appellants failed to allege facts sufficient to state any claim for relief. *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (explaining elements of negligent misrepresentation claim and that the claim applies only within a "business or commercial transaction"); *Wichinsky v. Mosa*, 847 P.2d 727, 729-30 (Nev. 1993) (elements of intentional interference with prospective economic advantage claim); *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement."). Moreover, appellants point to no Nevada law recognizing their claims for tortious interference with expectancy of inheritance or promissory/tortious estoppel.

The district court did not abuse its discretion by declining to entertain appellants' declaratory relief claim because all other claims were properly dismissed and there were ongoing probate proceedings in which the validity of the prenuptial agreement would necessarily be decided. *See United Nat'l Ins. Co. v. R & D Latex Corp.*, 141 F.3d 916, 918-19 (9th Cir. 1998) (setting forth standard of

review and explaining discretionary jurisdiction).

Appellants' remaining contentions are unpersuasive.

**AFFIRMED.**