

FILED

**NOT FOR PUBLICATION**

NOV 20 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY WILLIAMS, Individually and as Personal Representative of the Estate of Charles L. Williams and Successor Trustee of the Charles L. Williams Living Trust, <br><br> Plaintiff - Appellant, <br><br> and <br><br> CHARLES L. WILLIAMS, Sr., Deceased, <br><br> Plaintiff, <br><br> v. <br><br> CLARK COUNTY PUBLIC ADMINISTRATOR; et al., <br><br> Defendants - Appellees. | No. 11-16952 <br><br> D.C. No. 2:09-cv-00810-RCJ-LRL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted November 13, 2012[]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Terry Williams appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging federal and state law claims arising from probate and wrongful death proceedings involving her father's estate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's rulings regarding venue, *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000), and the dismissal of an action for failure to state a claim, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The California district court properly transferred Williams's action to Nevada because California was an improper venue for claims against defendants in Nevada that arose substantially out of events in Nevada. *See* 28 U.S.C. § 1391(b) (listing grounds for venue); 28 U.S.C. § 1406(a) (authorizing transfer of case to district where it could have been filed instead of dismissing it for improper venue).

The Nevada district court properly dismissed Williams's claims under the Full Faith and Credit Clause because it does not authorize a private right of action. *See Thompson v. Thompson*, 798 F.2d 1547, 1555-56 (9th Cir. 1986) (per curiam).

---

[**] The panel unanimously concludes that this case is suitable for decision without oral argument, and, therefore, denies Williams's request for oral argument. *See* Fed. R. App. P. 34(a)(2).

The Nevada district court properly dismissed Williams's Racketeer Influenced and Corrupt Organizations Act ("RICO"), civil rights, conspiracy, and breach of contract claims because Williams failed to allege one or more elements for a prima facie claim. *See* 42 U.S.C. §§ 1981, 1983, 1985; *Miller v. Yokohama Tires Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) (RICO claim); *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001) (civil conspiracy claim); *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) (per curiam) (contract claim).

The Nevada district court properly dismissed Williams's fraud claim for failure to plead the alleged fraud with particularity, her state law tort claims as time-barred, and her accounting claim for failure to identify a fiduciary relationship with any defendant. *See* Fed. R. Civ. P. 9(b) (fraud claim must be pled with particularity); Nev. Rev. Stat. § 11.190(4)(e) (tort claims have a two-year statute of limitations); *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007) (elements of an accounting claim).

The California and Nevada district courts did not abuse their discretion in denying reconsideration of their respective rulings regarding transfer of venue and dismissal for failure to state a claim because Williams failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth grounds for reconsideration).

Williams's request for judicial notice of irrelevant events and documents, and her motion for appointment of counsel, are denied. *See* Fed. R. Evid. 201; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Williams's contentions regarding corruption in the Las Vegas construction industry; the doctrine of qualified immunity; the district court's alleged bias; and the defendants' alleged efforts to "silence, neutralize, coerce, extort, suborn perjury, invade privacy of, inflict emotional distress upon, and blackmail" her are unpersuasive.

**AFFIRMED.**