# IN THE SUPREME COURT OF THE STATE OF NEVADA

SENECA INSURANCE COMPANY, INC., A NEW YORK CORPORATION, Appellant,

vs.

ALPINE INSURANCE ASSOCIATES, INC., A NEVADA CORPORATION, Respondent.

No. 79168

FILED

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order dismissing a cross-claim in a contractual indemnity action. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.[1]

Respondent Alpine Insurance Associates, Inc. (Alpine) helped nonparty Strange Land, Inc. (Strange Land) procure a commercial insurance policy from appellant Seneca Insurance Company, Inc. (Seneca). Seneca later denied coverage and sought to rescind the policy after it learned that Strange Land's application contained a material misrepresentation. Multi-party litigation commenced in district court which, in relevant part, included Strange Land asserting a third-party negligence claim against Alpine regarding the error in its application, and Seneca asserting a cross-claim for contractual indemnity against Alpine in the event it was found liable to Strange Land. The district court entered an order granting summary judgment against Strange Land on its third-party negligence claim, concluding that Alpine had not breached any duties owed to Strange Land (the Strange Land-Alpine summary judgment order). The district court then dismissed Seneca's contractual indemnity cross-claim based on its finding from the Strange Land-Alpine summary judgment

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-23448

order that Alpine procured insurance based on information provided by Strange Land and Strange Land reviewed the application with Alpine "page by page."

It appears the district court relied on NRCP 12(c) when it dismissed Seneca's cross-claim.[2] *See* NRCP 12(c) (allowing judgment on the pleadings after the pleadings are closed); *see also Sadler v. PacifiCare of Nev., Inc.*, 130 Nev. 990, 993, 340 P.3d 1264, 1266 (2014) (providing that a dismissal pursuant to NRCP 12(c) is appropriate "when the material facts of the case are not in dispute and the movant is entitled to judgment as a matter of law" (internal quotation marks omitted)). Reviewing de novo, we conclude that the district court erred because there were material facts in dispute necessary to resolve Seneca's cross-claim. *See id.* at 993-94, 340 P.3d at 1266. Specifically, although the Strange Land-Alpine summary judgment order found that Strange Land's owner reviewed its insurance application with Alpine "page by page," the district court did not make any findings as to whether Alpine was on notice that any of the representations in Strange Land's application were false, or whether Alpine committed an

___

[2]Alpine's motion to dismiss could not have been entertained under NRCP 12(b) because it was filed after Alpine's responsive pleading to Seneca's cross-claim. *See* NRCP 12(b) (requiring a party to bring a motion under that subsection before filing its responsive pleading). And the motion did not have to be treated "as one for summary judgment under Rule 56" because the matters outside the pleadings that the court considered were an order and evidence already present in the record of the case. *See* NRCP 12(d) (providing that, when the district court is presented with and does not exclude matters outside of the pleadings when ruling on an NRCP 12(b)(5) or 12(c) motion, "the motion must be treated as one for summary judgment under Rule 56"); *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (holding that a district court may consider "orders [and] items present in the record of the case" when ruling on a motion to dismiss without converting it to a motion for summary judgment).

"act, error, or omission" by including a misrepresentation in the application. Furthermore, the Strange Land-Alpine summary judgment order only concluded that Alpine did not breach a duty to Strange Land in helping it procure insurance coverage from Seneca; it did not make any findings to determine whether Alpine's contractual duty to indemnify Seneca had been triggered. Moreover, we also conclude that the district court erred by dismissing Seneca's cross-claim because, if all of the allegations in Seneca's cross-claim were true, Alpine may be required to indemnify Seneca. *See Duff v. Lewis*, 114 Nev. 564, 568, 958 P.2d 82, 85 (1998) (citing *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 136, 734 P.2d 1238, 1241 (1987) for the proposition that judgment on the pleadings is inappropriate if there are allegations in the complaint which would entitle the plaintiff to relief if proved). Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

---

[3]To the extent Seneca raised arguments not specifically addressed in this order, we have considered them and conclude they are either without merit or need not be addressed given our disposition in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Scott N. Freeman, District Judge
David Wasick, Settlement Judge
Fennemore Craig P.C./Reno
Ken Maguire & Associates, PLLC
Fennemore Craig, P.C./Las Vegas
Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
Washoe District Court Clerk