137 Nev., Advance Opinion 5

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HOME WARRANTY ADMINISTRATOR OF NEVADA, INC., D/B/A CHOICE HOME WARRANTY, A NEVADA CORPORATION,<br>Appellant,<br>vs.<br>STATE OF NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY, DIVISION OF INSURANCE, A NEVADA ADMINISTRATIVE AGENCY,<br>Respondent. | No. 80218<br><br>FILED<br><br>MAR 04 2021<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order denying a petition for judicial review of and affirming, as modified, an order of the Nevada Division of Insurance. First Judicial District Court, Carson City; James Todd Russell, Judge.

*Affirmed in part, reversed in part, and remanded.*

Holland & Hart LLP and Constance L. Akridge, Sydney R. Gambee, and Brittany L. Walker, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Joanna N. Grigoriev, Senior Deputy Attorney General, and Richard P. Yien, Deputy Attorney General, Carson City,
for Respondent.

BEFORE HARDESTY, C.J., PARRAGUIRRE and CADISH, JJ.

21-06300

## OPINION

By the Court, PARRAGUIRRE, J.:

Under NRS 690C.150, "[a] provider [of home warranty services] shall not issue, sell or offer for sale service contracts in this state unless the provider has been issued a certificate of registration." NRS 690C.070 defines a "provider" as "a person who is obligated to a holder pursuant to the terms of a service contract," i.e., an obligor. In this appeal, we clarify that, under NRS 690C.150, a "provider" is not simply an entity that issues, sells, or offers for sale service contracts but, as NRS 690C.070 plainly defines it, the obligor in those contracts. The seller in this appeal was not an obligor, so it was not a provider and need not have held a certificate of registration. Further, the obligor did not act improperly by selling its contracts through an unregistered entity. Because the hearing officer concluded otherwise, we reverse in part the district court's order denying the obligor's petition for judicial review.

## FACTS

Appellant Home Warranty Administrator of Nevada, Inc., dba Choice Home Warranty (HWAN), is a home-warranty service-contract provider. Choice Home Warranty (CHW) markets and sells HWAN's contracts, in which HWAN is the obligor.[1] After receiving consumer

---

[1]HWAN's name, its relationship with CHW, and its dealings with the Division have created a great deal of confusion that warrants clarification. Despite its name, HWAN is not an administrator. CHW is HWAN's administrator or sales agent. But, as we discuss, CHW may not be an "administrator" as the term is used in NRS Chapter 690C. And, despite its dba, HWAN is not CHW. In 2014, the Division nonetheless required HWAN to register the dba, explaining that "[t]hey thought it was confusing for consumers, having just the name [HWAN]" on contracts despite express provisions therein that CHW was the administrator and HWAN the obligor.

complaints against CHW, respondent the Division investigated and ultimately filed a complaint against HWAN. The original and amended complaints alleged that HWAN, dba CHW, (1) made false entries by answering "no" to a question in several certificate-of-registration (COR) renewal applications asking whether HWAN or any new officers had been fined in other states since its previous application; (2) conducted business in an unsuitable manner, as the consumer complaints against CHW showed; and (3) failed to make records available to the Division.

After a three-day hearing, a hearing officer concluded that HWAN failed to make records available but that the Division could not prove the false-entry or unsuitable-manner allegations. She found that only CHW was ever fined, so the answer "no" was not a false entry, and that HWAN had not conducted business in an unsuitable manner on the basis of the consumer complaints. But she also concluded, on separate factual bases not raised in the Division's complaints, that HWAN *had* made false entries and *had* conducted business in an unsuitable manner. She concluded that HWAN made false entries by (1) leaving the pre-populated "self" answer to questions in the COR renewal applications asking for the applicant's administrator, when in fact CHW was its administrator, and (2) using an unapproved form contract in 2015 that HWAN did not disclose in that year's application. And she concluded that HWAN had conducted business in an unsuitable manner by using CHW as an administrator or sales agent because CHW did not have a COR and NRS 690C.150, as she interpreted it, requires an entity that sells contracts to have a COR. But none of those

---

The Division may have been correct because of HWAN's confusing name, but the dba appears to have created more confusion than it resolved.

violations appeared in the original or amended complaints, and the Division never alleged any such violations until its closing argument.

HWAN petitioned the district court for judicial review, arguing that the hearing officer deprived it of due process by ruling that it committed unnoticed violations, and misinterpreted NRS 690C.150, the statute on which she based the unsuitable-manner ruling. The district court affirmed on the due-process and statutory-interpretation grounds and reversed on other grounds.

HWAN now appeals, arguing that (1) the hearing officer misinterpreted NRS 690C.150, (2) the hearing officer deprived it of due process by ruling that it committed the unnoticed violations, and (3) the hearing officer's failure-to-make-records-available ruling was clearly erroneous.[2] We agree that the hearing officer deprived HWAN of due process and misinterpreted NRS 690C.150, so we reverse the district court's order in part. But the hearing officer's failure-to-make-records-available ruling was not clearly erroneous, so we also affirm in part.

*DISCUSSION*

We review an "administrative decision in the same manner as the district court." *Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev. 245, 248, 327 P.3d 487, 489 (2014). We may reverse an agency's decision if, among other things, "substantial rights of the petitioner have been prejudiced because the final decision of the agency is . . . [i]n violation of constitutional or statutory provisions," NRS 233B.135(3)(a), "[a]ffected by . . . error of law," NRS 233B.135(3)(d), or "[c]learly erroneous in view of the reliable, probative and substantial evidence on the whole record," NRS

---

[2]We do not address other issues that HWAN raises because doing so is unnecessary to resolve this appeal.

233B.135(3)(e). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *United Exposition Serv. Co. v. State Indus. Ins. Sys.*, 109 Nev. 421, 424, 851 P.2d 423, 424-25 (1993).

*The hearing officer's interpretation of NRS 690C.150 was an error of law*

HWAN argues that the hearing officer based her unsuitable-manner ruling on a misinterpretation of NRS 690C.150 and disregarded NRS 690C.070. This issue requires us to review an agency's interpretation of its governing statutes. While we ordinarily review statutory interpretation issues de novo, we will "defer to an agency's interpretation of its governing statutes or regulations if the interpretation is within the language of the statute." *Dutchess Bus. Servs., Inc. v. Nev. State Bd. of Pharmacy*, 124 Nev. 701, 709, 191 P.3d 1159, 1165 (2008). "When reviewing de novo, we will interpret a statute or regulation by its plain meaning unless the statute or regulation is ambiguous," *Young v. Nev. Gaming Control Bd.*, 136 Nev., Adv. Op. 66, 473 P.3d 1034, 1036 (2020), or the plain meaning "would provide an absurd result," *Simmons Self-Storage Partners, LLC v. Rib Roof, Inc.*, 130 Nev. 540, 546, 331 P.3d 850, 854 (2014).

*The hearing officer's interpretation is not within the language of the statutes*

HWAN argues that the hearing officer's interpretation is not within the language of the statutes, so we should not defer to it. We agree.

NRS 690C.150 provides that "[a] provider shall not issue, sell or offer for sale service contracts in this state unless the provider has been issued a certificate of registration." NRS 690C.070 defines a "provider" as "a person who is obligated to a holder pursuant to the terms of a service contract," i.e., an obligor. In contrast, NRS 690C.020 defines an "administrator" as "a person who is responsible for administering a service contract that is issued, sold or offered for sale by a provider."

The hearing officer found that "[b]y definition, an administrator should not be engaged in issuing, selling, or offering to sell service contracts." This much of her interpretation is arguably within NRS 690C.020's language and may be correct but is ultimately irrelevant.[3]

More importantly, the hearing officer also concluded that "CHW Group has engaged in the business of service contracts without a license, which is a violation of NRS 690C.150." This much of the hearing officer's interpretation is not within the language of the statute she cited, NRS 690C.150, or any other statute. Further, it disregards the definition of "provider" in NRS 690C.070. NRS 690C.150 prohibits only a *provider* from selling, issuing, and offering service contracts without a COR, and, under NRS 690C.070, the provider is not merely the contract's seller, but its *obligor*. The hearing officer never found that CHW was a provider, or even

---

[3]Throughout HWAN's briefs and the proceedings below, it has variously referred to CHW as its "administrator" and "sales agent." Like the district court would, the hearing officer found that CHW cannot be an administrator because it is the entity that sold contracts for HWAN. This is arguably true if CHW sold contracts, but whether it did is unclear. The hearing officer and the district court apparently overlooked agency theory, under which HWAN, through its sales agent, CHW, may be said to have sold the contracts that CHW thereafter administered—all seemingly in accordance with NRS 690C.150, NRS 690C.020, and NRS 690C.070. Neither the hearing officer nor the district court addressed the meaning of "sales agent" (HWAN's attorneys never addressed it either, but as HWAN persuasively argues, it lacked an adequate opportunity to prepare its defense without proper notice of this allegation). But, more importantly, neither the hearing officer nor the district court explained why the fact that CHW cannot be an administrator, if that is so, would mean that it is a provider or must have a COR. This reasoning is the crux of the hearing officer's and the district court's conclusions—CHW sold contracts and is not an administrator, so it is a provider and must have a COR—but lacks any support in the statutes and is simply a non sequitur.

 

addressed the meaning of "provider," but simply reasoned that because NRS 690C.150 requires a provider to have a COR to sell contracts, "engag[ing] in the business of service contracts" without a COR violates NRS 690C.150. Because that much of the hearing officer's interpretation is not within the language of the statutes, we must review the issue de novo.

*The statutes are unambiguous*

The first issue for de novo review is whether the statutes are ambiguous. A statute is ambiguous if it "is subject to more than one reasonable interpretation." *Savage v. Pierson*, 123 Nev. 86, 89, 157 P.3d 697, 699 (2007).

HWAN argues that the statutes are unambiguous. It explains that NRS 690C.150, in conjunction with NRS 690C.070's definition of "provider," plainly requires only an obligor to be licensed—not the entity that merely sells the contract. It further argues that NRS Chapter 690C's legislative history supports this plain-meaning interpretation. The Division does not address this issue except by arguing that HWAN misinterprets the legislative history.[4]

The only word at issue in NRS 690C.150 is "provider," and the Division does not argue that it is ambiguous. Like the hearing officer, it simply disregards that part of the statute. But, in any case, "provider" is not subject to more than one reasonable interpretation here because the Legislature expressly defined it in NRS 690C.070. That definition—"a person who is obligated to a holder pursuant to the terms of a service contract"—is likewise unambiguous. The only word therein that is potentially at issue, "obligat[ion]," is not subject to more than one

---

[4]We are unpersuaded that we should consult the legislative history or that doing so is necessary to interpret these statutes.

interpretation but is among the most fundamental and commonly understood terms in contract law. So neither statute is ambiguous.

*Plain-meaning interpretation would not provide an absurd result*

The second issue for de novo review is whether a plain-meaning interpretation of NRS 690C.150 and NRS 690C.070 would provide an absurd result. An absurd result is one "so gross as to shock the general moral or common sense." *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930); *see also Safe Air for Everyone v. EPA*, 488 F.3d 1088, 1099 (9th Cir. 2007) (applying the *Crooks* definition).

A plain-meaning interpretation would not provide an absurd result. Even if the Division were correct that, under this interpretation, anyone could sell a contract without a COR, the result would not be "so gross as to shock the general moral or common sense." *Crooks*, 282 U.S. at 60.

*CHW was not an obligor, so it was not a "provider"*

HWAN argues that it is the provider because it is the obligor in the contracts at issue. HWAN is correct. It is the obligor under the contracts, so it is the provider. NRS 690C.070. As the provider, it is the only entity that must hold a COR. NRS 690C.150. Because the hearing officer nonetheless found that CHW must have had a COR, her decision that HWAN conducted business in an unsuitable manner was "[i]n violation of . . . statutory provisions," NRS 233B.135(3)(a), and "affected by . . . error of law," NRS 233B.135(3)(d).

*The hearing officer deprived HWAN of due process by ruling that it committed unnoticed violations*

HWAN argues that the hearing officer deprived it of due process by ruling that it committed violations that lacked factual bases in the complaints, thereby depriving it of an adequate opportunity to defend itself and develop the record. The Division answers that HWAN had an adequate

opportunity to prepare and was not unfairly surprised because the additional, unnoticed false-entry violations arose from HWAN's defense against the noticed false-entry allegations. The Division admits that the unnoticed violations were "supported by different facts" than the noticed allegations.

The United States and Nevada Constitutions proscribe deprivation "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1; Nev. Const. art. 1, § 8(2). Although "[t]he hearing officer shall liberally construe the pleadings and disregard any defects which do not affect the substantial rights of any party," NAC 679B.245(2), and "proceedings before administrative agencies may be subject to more relaxed procedural and evidentiary rules, due process guarantees of fundamental fairness still apply," *Dutchess*, 124 Nev. at 711, 191 P.3d at 1166 (footnote omitted). "Administrative bodies must . . . give notice to the defending party of 'the issues on which decision will turn and . . . the factual material on which the agency relies for decision so that [the defendant] may rebut it.'" *Id.* (footnote omitted) (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 288-89 n.4 (1974)). "[I]n the context of administrative pleadings, 'due process requirements of notice are satisfied where the parties are sufficiently apprised of the nature of the proceedings so that there is no unfair surprise.'" *Id.* at 712, 191 P.3d at 1167 (quoting *Nev. State Apprenticeship Council v. Joint Apprenticeship & Training Comm. for the Elec. Indus.*, 94 Nev. 763, 765, 587 P.2d 1315, 1317 (1978)).

The allegations at issue here are (1) false entry of material fact, and (2) conducting business in an unsuitable manner. In the amended complaint, the Division alleged that HWAN violated the false-entry statute, NRS 686A.070, by "falsely answer[ing] 'no'" to a question in several of

HWAN's COR renewal applications asking whether HWAN or any new officers had been fined in other states since its previous application. It also alleged that "business practices of CHW, as documented by Nevada complaints; the Better Business Bureau, news and media outlets; and the findings of fact of the various Courts' actions" constituted a violation of the unsuitable-manner statute, NRS 679B.125(2).

The hearing officer concluded that HWAN did not make the alleged false entries because answering "no" was truthful. As she explained, only CHW had been fined, and, despite HWAN's dba, HWAN is not CHW, so "no" was not a false entry. But she also concluded that HWAN *did* make false entries by answering "self" to the question asking for the applicant's administrator in several applications and by using an unapproved contract in 2015 that it did not disclose in that year's application. She likewise concluded that "the Division's evidence was insufficient to" prove the unsuitable-manner allegation, but nonetheless concluded that HWAN *did* conduct business in an unsuitable manner by using CHW as an administrator or sales agent.

The hearing officer deprived HWAN of due process by ruling that it committed the unnoticed violations. The "factual material on which the agency relie[d]" for the unnoticed violations did not appear in the amended complaint.[5] *Dutchess*, 124 Nev. at 711, 191 P.3d at 1166 (quoting *Bowman*, 419 U.S. at 288-89 n.4). Because the Division did not provide the factual material for those allegations in the amended complaint, HWAN

---

[5]In fact, the Division first mentioned the unapproved form at the hearing and never again, and did not allege the other unnoticed violations until its closing argument, in which it noted in passing that HWAN made a false entry with the "self" answers and CHW violated NRS 690C.150 by selling contracts without a COR.

was not "sufficiently apprised of the nature of the proceedings." *Id.* at 712, 191 P.3d at 1167 (quoting *Nev. State Apprenticeship Council*, 94 Nev. at 765, 587 P.2d at 1317). So the unnoticed violations were an "unfair surprise," and the hearing officer deprived HWAN of due process by ruling that it committed them. *Id.* Because the hearing officer deprived HWAN of due process, her false-entry and unsuitable-manner rulings were "[i]n violation of constitutional . . . provisions." NRS 233B.135(3)(a).

*The hearing officer's failure-to-make-records-available ruling was not clearly erroneous*

HWAN argues that, aside from witness testimony that it was "'uncooperative' and 'nonresponsive,' there is no evidence that [it] received and disregarded requests for information." It argues that the Division presented no evidence that HWAN received the requests. The Division answers that substantial evidence supports the hearing officer's finding that HWAN received the requests, and the fact that the Division requested a subpoena is further evidence.

The evidence supporting the hearing officer's ruling includes an email to HWAN in which the Division requested records, and testimony confirming that the Division requested information "more than once" without a response and that HWAN responded only after the subpoena. That evidence is substantial, so the hearing officer's decision was not clearly erroneous.

## CONCLUSION

Under NRS 690C.150, a "provider" is not simply an entity that issues, sells, or offers for sale service contracts, but, as NRS 690C.070 plainly defines it, the obligor in those contracts. CHW was not an obligor, so it was not a provider and need not have held a COR. Because the hearing officer concluded otherwise, the unsuitable-manner ruling was in violation

of statutory provisions and affected by error of law. Further, because HWAN was insufficiently apprised of the allegations, the hearing officer deprived HWAN of due process by ruling on the false-entry and unsuitable-manner violations. But, because substantial evidence supported the failure-to-make-records-available ruling, it was not clearly erroneous. For these reasons, we reverse in part and affirm in part the district court's order denying judicial review of the hearing officer's order. We remand this matter to the district court with the instruction that it grant judicial review in part, reverse the hearing officer's unsuitable-manner and false-entry rulings, and vacate the fines for those rulings.

_____, J.
Parraguirre

We concur:

_____, C.J.
Hardesty

_____, J.
Cadish