138 Nev., Advance Opinion 65

# IN THE SUPREME COURT OF THE STATE OF NEVADA

AIRBNB, INC., A FOREIGN
CORPORATION,
Appellant,
vs.
ERIC RICE, INDIVIDUALLY;
JEFFERSON TEMPLE, AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF RAHEEM RICE; AND BRYAN
LOVETT,
Respondents.

No. 81346

FILED

SEP 2 9 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Reversed and remanded.*

O'Melveny & Myers LLP and Dawn Sestito, Los Angeles, California, and Damali A. Taylor, San Francisco, California; McDonald Carano LLP and Jeff Silvestri and Chelsea Latino, Las Vegas; P.K. Schrieffer LLP and David T. Hayek, West Covina, California,
for Appellant.

Lewis Roca Rothgerber Christie LLP and Joel D. Henriod, Daniel F. Polsenberg, Abraham G. Smith, and Erik J. Foley, Las Vegas; The702Firm and Michael C. Kane, Las Vegas,
for Respondents Eric Rice and Jefferson Temple.

The Schnitzer Law Firm and Jordan P. Schnitzer, Las Vegas,
for Respondent Bryan Lovett.

22-30572

BEFORE THE SUPREME COURT, EN BANC.

## *OPINION*

By the Court, HARDESTY, J.:

In this appeal, we must apply the United States Supreme Court's holding in *Henry Schein, Inc. v. Archer & White Sales, Inc.*, that, under the Federal Arbitration Act (FAA), a court has no power to determine the arbitrability of a dispute where the contract delegates the arbitrability question to an arbitrator, even if the argument that the arbitration agreement applies to the dispute is "wholly groundless." ___ U.S. ___, ___, 139 S. Ct. 524, 528 (2019) (internal quotations omitted). Because the agreement in this case is governed by the FAA and includes a delegation provision, *Henry Schein* requires that the arbitrability question be decided by the arbitrator. Accordingly, we conclude that the district court erred in denying the motion to compel arbitration and refusing to submit the arbitrability determination to an arbitrator.

## *FACTS*

In the summer of 2018, Raheem Rice and Bryan Lovett were walking to a house party in Las Vegas and were on or near the premises when an unknown individual opened fire on the crowd, killing Raheem and injuring Bryan. Eric Rice, Raheem's father; Jefferson Temple, as special administrator of Raheem's estate (the Estate); and Bryan sued Airbnb, Inc., and other defendants for wrongful death and personal injury. They alleged that Airbnb's services had been used by the party's host to rent the house where the shooting occurred.

In response, Airbnb filed a motion to compel arbitration. Airbnb asserted that Raheem, Bryan, and Eric all had Airbnb accounts at

the time of the shooting and had agreed to Airbnb's Terms of Service during the account registration process. The Terms of Service included an arbitration agreement, which specified the following:

> You and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these Terms or the breach, termination, enforcement or interpretation thereof, or to the use of the Airbnb Platform, the Host Services, the Group Payment Service, or the Collective Content (collectively, "Disputes") will be settled by binding arbitration (the "Arbitration Agreement"). If there is a dispute about whether this Arbitration Agreement can be enforced or applies to our Dispute, you and Airbnb agree that the arbitrator will decide that issue.
>
> . . . .
>
> The Arbitration Agreement evidences a transaction in interstate commerce and thus the Federal Arbitration Agreement governs the interpretation and enforcement of this provision.

Airbnb argued that the Estate's, Bryan's, and Eric's claims were therefore subject to arbitration under the Terms of Service agreements and that any dispute about whether the arbitration agreement applied to those claims had to be submitted to an arbitrator.

The district court denied Airbnb's motion to compel arbitration in two separate orders. In its order concerning Bryan, the district court found that he was underage when he assented to Airbnb's Terms of Service. In its order concerning Eric and the Estate, the district court found that Airbnb could not compel arbitration under the Terms of Service agreements because the dispute did not arise from the agreements. Airbnb appeals only the order concerning Eric and the Estate.

## DISCUSSION

Airbnb argues that the district court lacked discretion to determine whether the dispute was arbitrable because the arbitration agreement in the Terms of Service included a delegation provision requiring the issue of arbitrability to be submitted to an arbitrator. Airbnb asserts that the Supreme Court made clear in *Henry Schein*, ___ U.S. at ___, 139 S. Ct. at 527-28, that when, as here, the parties clearly and unmistakably delegate the issue of arbitrability to an arbitrator, a court may not disregard that intent, even if the arguments in favor of arbitration are wholly groundless.

Eric and the Estate respond that the district court had discretion to decide that the dispute is not arbitrable because the dispute did not arise from the parties' contractual agreements but from duties owed under Nevada law. They allege that Raheem did not book the Airbnb rental where the shooting occurred, that nothing indicates Raheem knew the house was rented through Airbnb when he died, and that the record does not indicate that Raheem or Eric ever utilized Airbnb's services at all. For the above reasons, Eric and the Estate assert that the parties did not clearly and unmistakably agree to submit this dispute to arbitration and argue that holding such would create an absurd result.

The parties do not dispute that Raheem and Eric both assented to the arbitration agreement in Airbnb's Terms of Service, which delegates the matter of arbitrability to an arbitrator, nor do they dispute the validity of the arbitration agreement or delegation provision. Rather, the issue before us is whether the district court erred in finding that the arbitration agreement did not apply to the claims at issue and in refusing to submit the question of arbitrability to an arbitrator.

Supreme Court
of
Nevada

(O) 1947A

The arbitration agreement specified that the FAA governs its enforcement and interpretation. Under the FAA, "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein*, ___ U.S. at ___, 139 S. Ct. at 529. Generally, when deciding whether to compel arbitration, a court must resolve two issues: (1) whether the parties have a valid agreement to arbitrate and (2) whether the agreement applies to the dispute. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). However, the Supreme Court has recognized that parties may agree to arbitrate "gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) (internal quotations omitted). Thus, when the parties clearly and unmistakably agree to delegate these questions to an arbitrator, the delegation agreement must be enforced like any other arbitration agreement under the FAA. *Id.* at 70 (recognizing that the FAA operates on an "additional" agreement to arbitrate a gateway issue); *see also First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("[T]he court's standard for reviewing the arbitrator's decision [of who has the primary power to decide arbitrability] should not differ from the standard that courts apply when they review any other matter that parties have agreed to arbitrate."). As the Supreme Court explained in *Henry Schein*,

> When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is *wholly groundless*.

___ U.S. at ___, 139 S. Ct. at 529 (emphasis added).

Here, the parties have a valid arbitration agreement with a clear delegation clause requiring that an arbitrator decide any dispute as to whether the agreement applies to the claims at issue. However, the district court determined that the arbitration agreement did not apply to Eric's and the Estate's claims because those claims arose from Nevada's wrongful death statute, rather than the Terms of Service or Eric's or Raheem's contractual relationships with Airbnb. Essentially, the district court found that Airbnb's argument that the arbitration agreement applied to Eric's and the Estate's claims was wholly groundless, a finding that *Henry Schein* oddly, but explicitly, precludes the court from making when there is a delegation agreement.

Eric and the Estate attempt to distinguish *Henry Schein* by focusing on its language requiring "clear and unmistakable evidence" that the parties intended to delegate the arbitrability of a dispute between them. ___ U.S. at ___, 139 S. Ct. at 530 (internal quotation marks omitted). They argue that because their claims clearly do not relate to or arise from Airbnb's Terms of Service, there is no arbitration agreement that applies to those claims and thus no showing that the parties intended to arbitrate the claims.

The Supreme Court has held that "[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable' evidence that they did so." *First Options*, 514 U.S. at 944 (alterations omitted) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). This reflects the principle that "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam*, 537 U.S. at 83 (internal quotation marks omitted). However, a valid arbitration agreement that delegates the arbitrability issue to an arbitrator serves as "clear and unmistakable"

evidence of an agreement to arbitrate arbitrability. *See Henry Schein*, ___ U.S. at ___, 139 S. Ct. at 530. While Eric and the Estate argue that their claims are unrelated to the Terms of Service agreement and thus there is no valid arbitration agreement, their argument about the validity of the arbitration agreement depends on a determination that the claims are not arbitrable—a determination that the arbitration agreement expressly delegates to an arbitrator.

We are cognizant that, unlike in *Henry Schein*, the dispute here did not arise out of a contract between the parties. The facts underlying Eric's and the Estate's wrongful death action have no relation to Eric's or Raheem's use of Airbnb's services or platform. They do not arise out of Airbnb's duties to Eric or Raheem by virtue of their agreements to Airbnb's Terms of Service. Further, the parties here do not agree that the contract containing the arbitration agreement generally governs the parties' dispute.

Nevertheless, we believe the rule from *Henry Schein* applies to this situation, particularly when we consider *Henry Schein*'s abrogation of the Fifth Circuit's decision in *Douglas v. Regions Bank*, 757 F.3d 460, 464 (5th Cir. 2014). In *Douglas*, an attorney in a bankruptcy matter embezzled money from a client, who then sued the bank where the attorney maintained his accounts, alleging negligence and conversion. *Id.* at 461. The bank moved to compel arbitration based on a delegation provision in an arbitration agreement that the client had signed when she briefly opened a checking account with the bank's predecessor years earlier. *Id.* The trial court denied the motion, and the Fifth Circuit Court of Appeals affirmed, concluding that the delegation provision in "the completely unrelated contract" could not "possibly bind [her] to arbitrate gateway questions of arbitrability in all future disputes with the other party, no matter their origin." *Id.* at 462. The court found that in signing the arbitration

agreement, the client intended "only to bind herself to arbitrate gateway questions of arbitrability if the argument that the dispute falls within the scope of the agreement is not wholly groundless." *Id.* at 464. The court thus adopted the "wholly groundless" exception used by other circuits and concluded that the client's claims, which had no connection to the arbitration agreement she had signed years earlier, were clearly not arbitrable. *Id.*

The Court in *Henry Schein* expressly rejected use of the "wholly groundless" exception to get around the delegation provision, concluding that it was not consistent with the FAA, thus abrogating *Douglas*. ___ U.S. at ___, 139 S. Ct. at 528-29. We can infer from this that the wholly groundless exception is improper even where the arbitration agreement clearly is unrelated to the dispute, and we thus feel constrained to apply the rule from *Henry Schein* when a valid arbitration agreement between the parties contains a delegation clause. If there is a delegation clause, the court has no authority to decide the arbitrability question but must instead grant the motion to compel arbitration.

The cases cited by Eric and the Estate do not alter our understanding of *Henry Schein*. The Tenth Circuit case on which they rely—*Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511 (10th Cir. 1995)—pre-dates *Schein* and did not specifically address the issue of who should decide whether the dispute was arbitrable. Furthermore, the Tenth Circuit more recently has rejected the argument that courts may decide the arbitrability of a dispute despite a delegation provision and has disavowed reaching a contrary conclusion in earlier decisions such as *Coors*. *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1289-90 (10th Cir. 2017) (explaining that the issue was never briefed or expressly addressed in *Coors*).

The other case on which Eric and the Estate primarily rely—*Moritz v. Universal City Studios LLC*, 268 Cal. Rptr. 3d 467 (Ct. App. 2020)—is distinguishable. There, the parties had multiple movie contracts with arbitration agreements, and the contract at issue in the litigation did not include a separate arbitration clause but instead included a provision subjecting movies produced as sequels or remakes to an arbitration clause contained in an earlier contract. *Id.* at 471. The district court determined that the plaintiff's contract claims did not pertain to a movie that was a remake or a sequel and thus were not subject to arbitration. *Id.* at 472-73. The California Court of Appeal affirmed the district court's denial of the motion to compel arbitration, concluding that the arbitration agreement and delegation clause in the earlier contract did not apply to the dispute. *Id.* at 474-75. Thus, in *Moritz*, the issue was not whether the claims were governed by a contract, but whether the relevant contract actually required the arbitrability of the claims to be delegated. Although *Moritz* states that "[t]he FAA requires no enforcement of an arbitration provision with respect to disputes unrelated to the contract in which the provision appears," *id.* at 476, we cannot countenance such a reading of *Henry Schein* and are bound by the decisions of the Supreme Court on this matter.

*CONCLUSION*

The Supreme Court has held that, when a contract delegates the arbitrability question to the arbitrator, a court has no authority to decide whether the arbitration agreement applies to the dispute, even where the argument for arbitrability is wholly groundless. *Henry Schein*, ___ U.S. at ___, 139 S. Ct. at 528-29. Because the FAA governs the enforcement of the arbitration agreement at issue here, and the agreement delegates the arbitrability question to an arbitrator, the district court erred in deciding the arbitrability question itself. Accordingly, we reverse the district court's

order denying Airbnb's motion to compel arbitration and remand for further proceedings consistent with this opinion.

_____, J.
Hardesty

We concur:

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

10

STIGLICH, J., with whom HERNDON, J., agrees, dissenting:

I respectfully dissent from the majority's opinion that both misreads *Henry Schein*[1] and will lead to absurd consequences in the future. As a California appellate court has demonstrated, there is a way to harmonize *Henry Schein* with common sense. I would have elected to follow this path tread by our neighboring colleagues.

In *Moritz v. Universal City Studios LLC*, the California Court of Appeal explained that "[a]n arbitration agreement is tied to the underlying contract containing it, and applies 'only where a dispute has its real source in the contract.'" 268 Cal. Rptr. 3d 467, 473 (Ct. App. 2020) (quoting *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 205 (1991)). Additionally, the court noted, "[n]o authority permits sending a matter to arbitration simply because the same parties agreed to arbitrate a different matter." *Id.* *Henry Schein*, the *Moritz* court concluded, is not to the contrary, because that case "presupposes a dispute arising out of the contract or transaction, i.e., some minimal connection between the contract and the dispute." *Id.* at 475. *Moritz* observed that *Henry Schein* "expressly understood that the [FAA] requires enforcement of arbitration clauses with respect to disputes 'thereafter arising out of such contract'" but did not require "enforcement of an arbitration provision with respect to disputes unrelated to the contract in which the provision appears." *Id.* (quoting *Henry Schein*, ___ U.S. at ___, 139 S. Ct. at 529). It thus rejected defendants' "argument that an arbitration provision creates a perpetual obligation to arbitrate any conceivable claim that [plaintiff] might ever have against

---

[1]*Henry Schein, Inc. v. Archer & White Sales, Inc.*, ___ U.S. ___, 139 S. Ct. 524 (2019).

them" as "plainly inconsistent with the FAA's explicit relatedness requirement." *Id.*

I believe the California court's interpretation of *Henry Schein* is sound as a matter of law and policy. The tort law claims that undergird the dispute here did not arise out of a contract between the parties; indeed, there is no evidence respondents *ever* utilized Airbnb's services.[2] *Henry Schein* does not change the principle that "[t]he FAA requires no enforcement of an arbitration provision with respect to disputes unrelated to the contract in which the provision appears." *Moritz*, 268 Cal. Rptr. 3d at 476; *see* 9 U.S.C. § 2 (providing that an arbitration agreement applies to a "controversy arising out of such contract"); *cf. Zoller v. GCA Advisors, LLC*, 993 F.3d 1198, 1201 (9th Cir. 2021) (recognizing that before a court enforces an arbitration agreement, it must first determine whether a valid arbitration agreement exists); *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1516 (10th Cir. 1995) ("A dispute within the scope of the contract is still a condition precedent to . . . involuntary arbitration . . . .").

In cautioning against extending an arbitration clause's scope beyond the reach of the parties' contract, the Tenth Circuit Court of Appeals

---

[2]As this court has previously recognized, "tort law is designed to secure the protection of all citizens from the danger of physical harm to their persons or to their property and seeks to enforce standards of *conduct.* These standards are imposed by society, without regard to any agreement." *Calloway v. City of Reno*, 116 Nev. 250, 261, 993 P.2d 1259, 1265 (2000), *overruled on other grounds by Olson v. Richard*, 120 Nev. 240, 243-44, 89 P.3d 31, 33 (2004). Furthermore, a tort is "a wrong independent of contract." *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 135, 734 P.2d 1238, 1240 (1987) (quoting *Malone v. Univ. of Kan. Med. Ctr.*, 552 P.2d 885, 888 (Kan. 1976)). And so, where a dispute between two parties is wholly unrelated to any contract between them, such a contract has no bearing on the resolution of the dispute. Put simply, a party's dispute cannot be governed by a contract out of which it did not arise.

 

provided the following example to show how doing so could lead to absurd results:

> [I]f two small business owners execute a sales contract including a general arbitration clause, and one assaults the other, we would think it elementary that the sales contract did not require the victim to arbitrate the tort claim because the tort claim is not related to the sales contract. In other words, with respect to the alleged wrong, it is simply fortuitous that the parties happened to have a contractual relationship.

*Coors Brewing Co.*, 51 F.3d at 1516. Consequently, the district court must ensure that claims sent to arbitration arise under the parties' agreement. *Cf. Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 191 (2d Cir. 2019) (examining whether there was "a clear and unmistakable agreement by the parties to have the question of arbitrability of *this dispute* determined by arbitrators rather than the court" (emphasis added)). The Terms of Service bind hosts and guests who utilize Airbnb. As relevant to the underlying tort claims, respondents were neither.

What the aforementioned cases suggest, common sense confirms. Airbnb's argument that the Terms of Service applies to this dispute is unreasonable and would lead to an absurd result. *Cf. Moritz*, 268 Cal. Rptr. 3d at 474 (concluding that "no reasonable person" would construe an arbitration provision in a contract "to require arbitration of any future claim of whatever nature or type, no matter how unrelated to the agreement[] nor how distant in the future the claim arose"); *Home Warranty Adm'r of Nev., Inc. v. State, Dep't of Bus. & Indus.*, 137 Nev. 43, 47, 481 P.3d 1242, 1247 (2021) (observing that "an absurd result is one 'so gross as to shock the general moral or common sense'" (quoting *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930))); *Smith v. Steinkamp*, 318 F.3d 775, 777

(7th Cir. 2003) (observing that "absurd results ensue" when an arbitration clause is "read as standing free from any [underlying] agreement"). In this scenario, "it is simply fortuitous that the parties happened to have a contractual relationship" completely unrelated to the underlying tort claims. *Coors Brewing Co.*, 51 F.3d at 1516. But it is the foundational tenants of contract formation, not chance, that bind parties into a contractual relationship.

Accordingly, I believe that the majority has erred in reaching its disposition, and therefore I respectfully dissent.

_____, J.
Stiglich

I concur:

_____, J.
Herndon